**UNITED STATES of America, Plaintiff,**

v.

**Gary DOLAN, Defendant.**

**No. 4:CR94–3046.**

United States District Court,
D. Nebraska.

Sept. 8, 1995.

debt was already excepted from discharge under 11 U.S.C. § 1328(b), as the statute existed at filing of the Debtors' case.

Alan G. Stoler, Stoler Law Offices, Omaha, NE, for defendant Gary Dolan.

Steven A. Russell, Assistant United States Attorney, Lincoln, NE, for plaintiff U.S.

## MEMORANDUM AND ORDER

SHANAHAN, District Judge.

Before the court is filing no. 31, the "Motion to Reconsider and Motion to Dismiss Count II [of the Indictment]" filed by the defendant, Gary L. Dolan, who requests that (1) the court reconsider Senior United States District Judge Warren K. Urbom's December 29, 1994 order (filing no. 21), denying Dolan's motion to dismiss (filing no. 16) count I of the indictment (filing no. 1); and (2) the court dismiss count II of the indictment (filing no. 1). Also before the court is filing no. 37, the "Report and Recommendation" of Magistrate Judge David L. Piester, who recommends that Dolan's "Motion to Reconsider and Motion to Dismiss" be denied. Dolan has timely filed his "Objections to Magistrate's Report and Recommendation" (filing no. 38). See NELR 72.4.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this court makes a de novo determination concerning those parts of Magistrate Judge Piester's "Report and Recommendation" (filing no. 37) to which Dolan has objected.

## FACTUAL BACKGROUND

On August 18, 1994 a two-count indictment (filing no. 1) was filed against the defendant, Gary Dolan. Count I of the indictment charges Dolan with a violation of 18 U.S.C. § 371 ("Conspiracy to commit offense or to defraud the United States"), namely, from on or about July 26, 1988, and until on or about September 5, 1989 Dolan conspired with David Anderson to conceal from an officer of the court charged with control of David Anderson's bankruptcy estate, and conspired to conceal from creditors in the bankruptcy proceeding, the following: (1) a 1981 "Ferrari Boxer 512BB;" (2) the existence of a lawsuit filed by David Anderson in the District Court of Brazoria County, Texas; and (3) checks in the amount of $1,948,000 which were received by, and payable to, David Anderson. Count I of the indictment lists the following overt acts allegedly committed by Dolan and Anderson in furtherance of the conspiracy:

1. On or about July 26, 1988, David Anderson filed a Voluntary Petition under Chapter Eleven in the United States Bankruptcy Court for the District of Nebraska which included schedules of assets and liabilities and a Statement of Financial Affair for Debtor Engaged in Business.

2. On or about September 2, 1988, David Anderson transferred one 1981 Ferrari Boxer 512BB, Serial Number 35881, to Trent Anderson.

3. On or about September 14, 1988, a Complaint was filed in the District Court of Brazoria County, Cause No. 88C2349, captioned *David R. Anderson, et al. v. Richard Gilleland, et al.,* with the knowledge and consent of the co-conspirators.

4. On or about September 27, 1988, David Anderson testified at a Section 341 Hearing in the United States Bankruptcy Court for the District of Nebraska.

5. On or about November 22, 1988, a letter was sent to Michael Phillips, attorney for David Anderson, from David Anderson *authorizing issuance of checks in partial settlement of the Complaint referenced in Paragraph 3. Gary Dolan acknowledged the disbursement of said funds on the letter.*

6. On or about November 30, 1988, David Anderson received two checks from Intermedics, Inc., payable to David R. Anderson, totaling One Million Nine Hundred Forty Eight Thousand Dollars ($1,948,000).

7. On or about June 15, 1989, David R. Anderson filed Monthly Reports in the United States Bankruptcy Court for the District of Nebraska.

8. On or about June 15, 1989, David R. Anderson filed an Amendment to the Bankruptcy Schedules which failed to list assets of the bankruptcy estate.

9. On or about July 17, 1989, David R. Anderson filed a Disclosure Statement with the United States Bankruptcy Court for the District of Nebraska.

10. On or about July 31, 1989, Gary Dolan filed in the United States Bankruptcy Court for the District of Nebraska a Motion to Approve Settlements and Motion to Dismiss.

11. On or about August 16, 1989, Gary Dolan filed with the United States Bankruptcy Court for the District of Nebraska an Affidavit indicating the hearing date and a copy of the Motion to Approve Settlement and Motion to Dismiss was served on all Creditors.

12. On or about September 5, 1989, the United States Bankruptcy Court for the District of Nebraska dismissed the bankruptcy proceeding captioned *In Re, David R. Anderson,* Docket No. BK–400028.

Filing no. 1.

Count II of the indictment charges Dolan with a violation of 18 U.S.C. § 152 ("Concealment of assets; false oaths and claims; bribery") and 18 U.S.C. § 2 (aiding and abetting the commission of an offense against the United States), namely, from July 26, 1988 to September 5, 1989, Dolan "knowingly and fraudulently did conceal from an officer of the court charged with the control or custody of property of the bankruptcy estate of David R. Anderson ... and from creditors in the bankruptcy proceeding, property belonging to the bankruptcy estate."

On December 1, 1994 Dolan filed a "Motion to Dismiss" count I of the indictment, asserting that: (1) the indictment charged Dolan with illegal acts committed between July 26, 1988 and September 5, 1989; (2) the last overt act alleged was on August 16, 1989; (3) the indictment was returned on August 18, 1994; and (4) 18 U.S.C. § 3282 provides a five-year statute of limitations. Hence, Dolan contends that he was "not charged within the statute of limitations" (filing no. 16). On December 29, 1994, the Honorable Warren K. Urbom entered an order (filing no. 21), denying the motion to dismiss (filing no 16) because:

Paragraph 12 of the indictment, which is within the period of the statute of limitations, does not define an overt act committed by one or more of the co-conspirators, but does allege an overt act that one or more of the co-conspirators "caused to be committed" in furtherance of an illegal scheme.

Filing no. 21. Therefore, Judge Urbom concluded that the action was not barred by the five-year statute of limitations.

On April 25, 1995 Dolan filed a "Motion to Recuse" (filing no. 27) Judge Urbom who subsequently recused himself on May 4, 1995. See filing no. 29.

On May 12, 1995, Dolan filed his "Motion to Reconsider" and "Motion to Dismiss Count II" of the Indictment (filing no. 31). In support of his motion, Dolan asserts that: (1) the court "erred in holding that a party who is not a co-conspirator can commit an overt act in furtherance of a conspiracy;" and (2) the court should dismiss count II of the indictment because it "was not filed within the applicable five year statute of limitations," namely, 18 U.S.C. § 3282.

## ANALYSIS

■ Fed.R.Crim.P. 12(b) states: "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial ... (2) Defenses and objections based on defects in the indictment or information...." Pursuant to Fed.R.Crim.P. 12(b)(2), a motion to dismiss on the ground that a criminal action is barred by the statute of limitations must be raised before trial. 8 James W. Moore, Moore's Federal Practice, ¶ 12.03[2] (2d ed. 1995).

■ However, Fed.R.Crim.P. 12(e) adds: "A motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict, but no such determina-

tion shall be deferred if a party's right to appeal is adversely affected." Also, " 'good cause' exists, and indeed a decision on a motion should be deferred, if disposing of the motion involves deciding issues of fact that are inevitably bound up with evidence about the alleged offense itself." *U.S. v. Wilson,* 26 F.3d 142, 159 (D.C.Cir.1994). See 1 Charles Alan Wright, *Federal Practice and Procedure,* § 193 (1982): "If it [the statute of limitations] is raised by motion to dismiss [pursuant to Fed.R.Crim.P. 12], the court has discretion ... when to determine it. If the charge is, for example, perjury, alleged to have occurred on a particular date, the matter can be disposed of on the motion before trial. If, however, factual matters are involved, such as when a conspiracy ended or when an offense was consummated, the limitations question should be put off until the trial."

*The Motion to Reconsider the Denial of Dolan's Motion to Dismiss Count I of the Indictment*

■ In his "Objections to Magistrate's Report and Recommendation" (filing no. 38), Dolan argues that (1) the indictment in the present case was returned on August 18, 1994; (2) the relevant statute prescribes a five-year statute of limitations; and (3) August 16, 1989 is the date of the most recent "overt act" alleged in the indictment. Therefore, Dolan concludes that count I of the indictment should be dismissed because it fails "to allege any act within the applicable statute of limitations."

Count I of the indictment charges Dolan with a violation of 18 U.S.C. § 371 as the result of a conspiracy to defraud the United States. 18 U.S.C. § 3282 provides the applicable statute of limitations for the present offense: "... no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." Hence, the question is whether the allegations in count I of the indictment charge that Dolan conspired to defraud the United States within the five-year statute of limitations dictated by § 3282.

After a review of the record, Magistrate Judge Piester concluded: "... the statute of limitations issue with respect to count I should not be determined pretrial, since the government might succeed in proving at trial that defendant committed an overt act in furtherance of the conspiracy within the limitations period" (filing no. 37). Judge Piester stated: "Accepting as I must the allegations of the indictment as true [see 1 Wright, supra, at § 194] ... the indictment alleges that defendant 'committed and caused to be committed' the dismissal of the bankruptcy proceeding" (filing no. 37). Hence, Dolan "procured" the dismissal of the bankruptcy action by participating in the September 5, 1989 court hearing. "Such an act, if proved, would appear to constitute an overt act within the allegations of the indictment and within the limitations period" (filing no. 37).

In concluding that the motion to reconsider should be denied, Magistrate Judge Piester rejected Dolan's argument that the latest overt act alleged in the indictment was that "on or about August 16, 1989, Gary Dolan filed with the United States Bankruptcy Court for the hearing date [on a motion to approve settlement] and a copy of the Motion to Approve Settlement and Motion to Dismiss was served on all creditors" (filing no. 1). Rather, Magistrate Judge Piester pointed to the twelfth overt act alleged by the government: "On or about September 5, 1989 the United States Bankruptcy Court for the District of Nebraska dismissed the bankruptcy proceeding captioned *In Re, David R. Anderson....*" (filing no. 1). Without going beyond the face of the indictment, Magistrate Judge Piester concluded that a "pretrial determination of defendant's motion to dismiss is premature" because, accepting the indictment's allegations as true, the United States might prove that Dolan himself actively procured the dismissal of a bankruptcy proceeding during the hearing on September 5, 1989, and "such an act, if proved, would appear to constitute an overt act within the allegations of the indictment and within the limitations period" (filing no. 37).

After an independent and de novo review of the record, the court finds and concludes that Dolan's motion to reconsider should not

be determined before trial since "... disposing of the motion involves deciding issues of fact that are inevitably bound up with evidence about the alleged offense itself." *Wilson*, supra, at 159. Therefore, Dolan's motion to reconsider Judge Urbom's order (filing no. 21) entered on December 29, 1994, denying Dolan's motion to dismiss (filing no. 16) count I of the indictment (filing no. 1) will be deferred until resolution of the relevant factual issues at trial.

*The Motion to Dismiss Count II of the Indictment*

■ In his "Objections to Magistrate's Report and Recommendation" (filing no. 38), Dolan asserts that count II should be dismissed because that count of the indictment fails to allege any act that occurred within the applicable statute of limitations. Specifically, Dolan asserts that the latest act of concealment allegedly occurred on June 15, 1989, when David R. Anderson filed an "Amendment to the Bankruptcy Schedules" which failed to list assets of his bankruptcy estate. Therefore, Dolan concludes that count II of the indictment fails to allege an act of concealment within the five-year statute of limitations prescribed by 18 U.S.C. § 3282.

In addressing Dolan's motion to dismiss count II of the indictment, Magistrate Judge Piester initially observed that the five-year statute of limitations in 18 U.S.C. § 3282 "must be read in conjunction with 18 U.S.C. § 3284" in cases of bankruptcy concealment. § 3284 states:

> The concealment of assets of a debtor in a case under title 11 shall be deemed to be a continuing offense until the debtor shall have been finally discharged or a discharge is denied, and the period of limitations shall not begin to run until such final discharge or denial of discharge.

See, also, *U.S. v. Guglielmini*, 425 F.2d 439, 442 (2nd Cir.1970): "The five year general statute of limitations, 18 U.S.C. § 3282, is tolled for a charge of concealing assets of a bankrupt until the bankrupt obtains a 'final discharge or denial of discharge.' 18 U.S.C. § 3284."

In his "Report and Recommendation" (filing no. 37), Magistrate Judge Piester states that while "... prosecutions for bankruptcy fraud may be brought at any time within five years following discharge or denial of discharge [under § 3282], it is unclear whether a dismissal at the bankrupt's request is equivalent to a discharge or denial of discharge for purposes of continuation under section 3284." Thus, Magistrate Judge Piester reached the following conclusions: (1) if dismissal of the bankrupt's case is the equivalent of a denial of discharge, then § 3284 provides that the five-year statute of limitations begins to run on the date of the dismissal and (2) if dismissal of the bankrupt's request is not the equivalent of a discharge, then § 3282 provides that the statute of limitations begins to run on the date of the last allegation of concealment. Since count II of the indictment alleges that both dates are the same, namely, September 5, 1989, the issue of when the statute of limitations began to run is not dispositive to the present motion to dismiss since "... the indictment alleges that defendant concealed or aided and abetted the concealment of bankruptcy assets from '[o]n or about July 26, 1988, and continuously thereafter until September 5, 1989....' Further determination of the statute of limitations issue should wait until trial, since the government might succeed in proving that defendant concealed or aided and abetted concealment within the limitations period as it has alleged" (filing no. 37). Hence, Magistrate Judge Piester recommends that Dolan's motion to dismiss count II of the indictment be denied without prejudice to its renewal at trial.

After an independent and de novo review of the record, the court finds and concludes that Dolan's dismissal motion should not be determined before trial, since the government has alleged that Dolan concealed bankruptcy assets from July 26, 1988, to September 5, 1989. Regardless of whether 18 U.S.C. § 3282 or 18 U.S.C. § 3284 controls the date when the five-year statute of limitations begins to run, the court agrees with Magistrate Judge Piester's conclusion that the government may prove that Dolan concealed, or aided and abetted concealment, within either of the statutory limitations periods. Therefore, the court finds and con-

cludes that Dolan's motion to dismiss count II of the indictment (filing no. 31) will be deferred until resolution of the relevant factual issues at trial.

THEREFORE, IT IS ORDERED:

1. That filing no. 38, the "Objections to Magistrate's Report and Recommendation" filed by the defendant, Gary L. Dolan, are overruled;

2. That filing no. 37, Magistrate Judge David L. Piester's "Report and Recommendation" is accepted in its entirety; and

3. That filing no. 31, the "Motion to Reconsider and Motion to Dismiss Count II" of the Indictment filed by the defendant, Gary L. Dolan, is deferred until resolution of the relevant factual issues at trial.