IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

June 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR ~~PUBLICATION~~ |
| | ) | |
| Appellee | ) | FILED:  JUNE 15, 1998 |
| | ) | |
| V. | ) | HENDERSON COUNTY |
| | ) | |
| | ) | HON. FRANKLIN MURCHISON, |
| JACQUELINE DEANNA ALEXANDER VICKERS | ) | JUDGE |
| and WILLIAM J. BOONE | ) | |
| | ) | NO. 02-S-01-9610-CC-00092 |
| Appellants | ) | |

For Appellants:

PATRICK MARTIN
Jackson, Tennessee
(For Appellant Vickers)

HENRY HAILE
Nashville, Tennessee
 and
CARTHEL L. SMITH, JR.
Lexington, TN
(For Appellant Boone)

For Appellee:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

DAVID M. HIMMELREICH
LAURA DYKES
Deputy Attorney General

ALBERT L. PARTEE, III
Senior Counsel
Nashville, Tennessee

JAMES G. WOODALL
District Attorney General
Jackson, Tennessee

OPINION

COURT OF CRIMINAL APPEALS JUDGMENT AFFIRMED          BIRCH, J.

We granted permission to appeal under Tenn. R. App. P. 11 to the appellants, Jacqueline Deanna Alexander Vickers and William J. Boone. The issue is whether a trial court may conduct a pretrial evidentiary hearing, pursuant to Tenn. R. Crim. P. 12, to determine the evidentiary sufficiency relevant to the tolling of the statute of limitations. Because the statute of limitations issue presented herein is not one "which is capable of determination without the trial of the general issue," we conclude that it should have been submitted to the jury. Accordingly, the judgment of the Court of Criminal Appeals is affirmed.

I

In an eighteen-count indictment returned on February 1, 1993,[1] Vickers, her husband, Ernest Vickers, III,[2] and accountant William J. Boone were charged with various counts of securities fraud, conspiracy to commit securities fraud, grand larceny, fraudulent appropriation, and obtaining money by false pretenses. The charges arose out of the operation of First National Bancshares Financial Services, Inc. (Financial Services), a company owned by Vickers' husband.

Boone was charged with securities fraud in count one and conspiracy to commit securities fraud in count two. The facts supporting these charges involved the filing of a false prospectus of Financial Services with the Commissioner of the Tennessee

[1]A prior indictment returned on October 5, 1992, was superseded by this later indictment.

[2]Ernest Vickers, III, is not a party to this appeal.

Department of Commerce and Insurance on or about January 11, 1988. Vickers was charged in counts six, seven, and eight with securities fraud, fraudulent appropriation, and grand larceny. The facts supporting these charges related to undisclosed self-dealing in the sale to Financial Services of certain property. The fraudulent conduct surrounding this sale was alleged to have occurred on diverse days between April 14, 1987, and May 14, 1987.

The State alleged that the various offenses occurred between April 14, 1987, and January 11, 1988, and an indictment was returned October 5, 1992. Because a four-year limitations period applies to the offenses charged in counts one, six, seven, and eight, and a two-year limitations period applies to the offense charged in count two, the State is consequently barred from prosecuting the appellants unless it can show that the limitations statute, Tenn. Code Ann. § 40-2-101 (1982),[3] has been tolled. The State alleged in the indictment that the statute was tolled by the appellants' concealment of the offenses. Count one provided:

> The statute of limitations for this offense was tolled until September 28, 1990, during which time defendants and their agents and employees concealed the facts of this crime by continuing to make material omissions and untrue

---

[3](b) Prosecutions for any offense punishable by imprisonment in the penitentiary when the punishment is expressly limited to five (5) years of less, shall be commenced within two (2) years next after the commission of the offense, . . . .

(d) Prosecution for any offense punishable by imprisonment in the penitentiary, other than as specified in subsections (a), (b) or (c), shall be commenced within four (4) years next after the commission of the offense.

Tenn. Code Ann. § 40-2-101 (Supp. 1987).

> statements in written and oral
> communications to the commissioner
> and the commissioner's
> representatives, by delivering or
> causing misleading prospectuses to
> be delivered to investors without
> informing them of their true
> intentions and past acts, and by
> causing their agents to obtain
> waivers from investors of receipt of
> prospectuses.

Counts two, six, seven, and eight contained similar tolling language.

The appellants moved to dismiss the indictment as untimely. The trial court initially held that the State's allegations of concealment were legally sufficient to toll the statute of limitations. Subsequently, over the State's objection, the trial court held a pretrial hearing in order to make findings of fact on the issue of concealment. As stated by the court, the sole question was "whether there is any evidence upon which a rational trier of fact could base a finding that the defendants, or any of them, concealed the crimes alleged in the indictment in a manner which would toll the running of the statute of limitations."

At the conclusion of a lengthy pretrial hearing, the trial court found that the State became aware of the appellants' conduct no later than September 28, 1990, the date Financial Services was placed into receivership on the motion of State agents. The trial court noted that there could have been no active concealment after that date. Because the limitations period for the conspiracy charge is two years, the court held that count two was time-barred. Further, the court found no evidence of any

4

concealment on the part of Vickers; therefore, all charges against her were dismissed. As to count one, the remaining count against Boone, the court found some proof that Boone concealed the true financial status of Financial Services; consequently, the court held that the jury must decide the statute of limitations issue in count one.

Boone went to trial on count one, and Vickers' husband went to trial on the remaining counts. At the conclusion of the State's proof, the court granted Boone's motion for a judgment of acquittal on count one on grounds of insufficient evidence and lack of proof of concealment. The jury acquitted Vickers' husband on counts three through eighteen, but was unable to reach a verdict as to count one. The State then appealed the pretrial dismissal of count two against Boone and counts six, seven, and eight against Vickers. The State did not appeal as to any charges against Vicker's husband. The Court of Criminal Appeals reversed and remanded, finding that the question whether the statute of limitations was tolled by concealment is a question of fact that should have been submitted to the jury.

II

As the Court of Criminal Appeals recognized in its decision, the Tennessee Rules of Criminal Procedure establish the State's right to a jury trial. Tenn. R. Crim. P. 5, Advisory Commission Comments; State v. Brackett, 869 S.W.2d 936, 939 (Tenn. Crim. App. 1993). Specifically, under Tenn. R. Crim. P. 5(c)(1) a

defendant may submit to the jurisdiction of the general sessions court in misdemeanor cases, but only if the district attorney general does not object. Further, under Tenn. R. Crim. P. 23 a defendant cannot waive the right to a trial by jury unless the district attorney general and the court consent to the waiver. Having recognized the State's right to a jury trial, we must determine whether the trial court had authority to deny that right in the context of a statute of limitations issue.

Whether the trial court had authority under Tenn. R. Crim. P. 12 to resolve the statute of limitations issue is a question of law, which we review de novo. See State v. Davis, 940 S.W.2d 558, 561 (Tenn. 1997). Prior to the adoption of the Tennessee Rules of Criminal Procedure in 1978, a statute of limitations defense was one to be established only by proof at trial. In State v. Landis, 177 Tenn. 304, 145 S.W.2d 1032 (1941), this Court overturned the pretrial dismissal of an indictment for untimeliness, because that was a factual issue for the jury to decide. However, Tenn. R. Crim. P. 12 has modified the common law rule. The relevant portions of Rule 12 provide:

> (b) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:
>
> (1) Defenses and objections based on defects in the institution of the prosecution; or

6

> (2) Defenses and objections based on defects in the indictment, presentment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings); or
>
> (3) Motions to suppress evidence; or
>
> (4) Requests for discovery under Rule 16; or
>
> (5) Requests for a severance or consolidation of charges or defendants under Rule 14.
>
> . . .
>
> (e) Ruling on Motion. A motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict, but no such determination shall be deferred if a party's right to appeal is adversely affected. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.

Thus, under Rule 12 there are five issues which must be raised before trial. All other issues, including statute of limitations issues, may be raised before trial, but only if they are "capable of determination without the trial of the general issue." Once an issue is properly raised, the trial court must make a determination before trial, unless there is good cause to defer the issue to the jury. The dispositive question in this case, then, is whether a determination of the limitations issue will involve a determination of "the general issue."

7

Because there is no Tennessee law directly on point, we turn to federal law for guidance in answering this question. Tennessee's Rule 12 is identical to its federal counterpart, Fed. R. Crim. P. 12. The Advisory Committee Notes to the federal rule explain that the objections and defenses which may be raised at the defendant's option include: "such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, lack of jurisdiction, failure of indictment or information to state an offense, etc." (emphasis added). Thus, when a statute of limitations question is raised in federal court prior to trial, the trial court has the authority to decide it. United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994)(quoting 1 Charles Alan Wright, Federal Practice and Procedure, § 193, p. 708 (2d ed. 1982)), cert. denied, 5114 U.S. 1051, 115 S. Ct. 1430, 131 L. Ed.2d. 311 (1995).

The federal courts' authority to decide a limitations issue before trial is not absolute, however. If the defense is substantially founded upon and intertwined with factual evidence of the alleged offense that will necessarily be introduced at trial, it falls within the province of the ultimate finder of fact, and ruling should be deferred until trial. E.g., Wilson, 26 F.3d at 159; United States v. Blackwell, 954 F. Supp. 944, 954 (D.N.J. 1997). "'[G]ood cause' exists, and indeed a decision on a motion should be deferred, if disposing of the motion involves deciding issues of fact that are inevitably bound up with evidence about the alleged offense itself." Wilson, 26 F.3d at 159. On the other hand, a pretrial determination of the limitations defense is

8

appropriate when a trial of the facts surrounding the alleged offense would be of no assistance in determining the validity of the defense. United States v. Conley, 859 F. Supp. 909, 927-28 (W.D. Pa. 1994) (quoting United States v. Covington, 395 U.S. 57, 60, 89 S. Ct. 1559, 1561, 23 L. Ed.2d 94, 99 (1969)). For example, if the issue revolves solely around the date a particular offense occurred, then the matter can certainly be resolved on the motion before trial. See United States v. Dolan, 189 B.R. 484, 487 (D. Neb. 1995), aff'd 120 F.3d 856 (8th Cir 1997).

We find the above-described federal rule to be a suitable standard for ascertaining whether the limitations issue is "capable of determination without the trial of the general issue," under Tenn. R. App. P. 12. Turning now to its application in this case, the facts supporting the charge against Boone of conspiracy to commit securities fraud involve the filing of a false prospectus with the Commissioner of Commerce. Similarly, the facts alleged to toll the limitations statute involve concealment of the fraud through "material omissions and untrue statements in written and oral communications to the commissioner." The State further alleged that Boone concealed the fraud by delivering false prospectuses to investors. Under these facts, we find that the alleged concealment as a practical matter is nothing more than a continuation of the fraud for which he is charged.

Next, the facts supporting the charges against Vickers-- securities fraud, fraudulent appropriation, and grand larceny-- involve "undisclosed self-dealing" in the sale of real estate to

9

Financial Services. The facts alleged to toll the limitations statute again involve concealment of the offenses through omissions and untrue statements made to the commissioner and through the delivering of false prospectuses to investors. As we understand the allegations against Vickers, the statute of limitations was allegedly tolled by the continuing nondisclosure of the "undisclosed self-dealing."

Clearly, this is not a case where the question of timeliness concerns only the date of the offense or some other fact unrelated to the appellants' guilt or innocence. Rather, the same evidence which would prove concealment and toll the limitations statute would also tend to prove guilt of the offenses charged. We therefore conclude that the statute of limitations issue should have been presented to the jury, because the factual evidence of the alleged offenses is too closely intertwined with the evidence of the appellants' alleged concealment of those offenses.

In sum, trial courts generally may conduct pretrial evidentiary hearings on statute of limitations issues, pursuant to Tenn. R. Crim. P. 12(b) and (e), but only when a determination can be made without involving the general issue of guilt or innocence. Here, this standard was not satisfied. Consequently, the trial court's pretrial determination of the limitations issue violated Rule 12. The decision of the Court of Criminal Appeals is accordingly affirmed, and the cause is remanded to the trial court so that the issues may be resolved by the jury.[4]

---

[4]Boone has raised three other issues. First, he asserts that the State is barred under Tenn. R. App. P. 3 from appealing the

_____

ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Holder, JJ.
Reid, S.J.

_____

dismissal of count two because it waited until he was acquitted at trial of count one.  This issue is meritless.  Although the State could have brought an interlocutory appeal of the trial court's decision dismissing count two under either Tenn. R. App. P. 9 or 10, it was not required to do so.  Rule 3(c)(1) provides that the State has an appeal of right from an order of the trial court "the substantive effect of which results in dismissing an indictment, information, or complaint."  Until the trial court acquitted Boone on count one, the pretrial dismissal of count two did not have the substantive effect of dismissing the indictment against him.

Second, Boone contends that the judgment of acquittal on count one bars the State from retrying him under collateral estoppel or double jeopardy principles.  Third, he contends that the language of count two is insufficient to charge conspiracy to commit an offense against the State of Tennessee.  Because the trial court has not had the opportunity to rule on these issues, we will follow the lead of the Court of Criminal Appeals and decline to address them.

11