IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 27, 2024 Session

## STATE OF TENNESSEE v. JEFFREY AUGUST TATE and STEVEN OGLE

**Appeal from the Circuit Court for Sevier County**
**Nos. CR-27363-III, CR-24502-III     Rex Henry Ogle, Judge**

_____

**No. E2023-01737-CCA-R3-CD**
_____

Defendants, Jeffrey August Tate and Steven Ogle, were indicted in separate cases for multiple counts of theft of property and home construction fraud involving separate victims. Before trial, both Defendants filed motions to dismiss the home construction fraud counts in their respective indictments, alleging that a portion of the home construction fraud statute, Tennessee Code Annotated section 39-14-154(b)(1), was unconstitutionally vague on its face, and Defendant Tate also argued that the statute was vague as applied to him. Following a joint hearing on both Defendants' motions, the trial court concluded that the home construction fraud statute is unconstitutionally vague on its face. The State appealed both Defendants' cases pursuant to Tennessee Rule of Appellate Procedure 3(c), and this court consolidated the appeals. We conclude that the State does not have an appeal as of right pursuant to Rule 3(c) because the record does not reflect that the substantive effect of the trial court's order resulted in the dismissal of the indictments. Accordingly, we dismiss the appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Appeals Dismissed

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; James B. Dunn, District Attorney General; and Barry Williams, Assistant District Attorney General, for the appellant, State of Tennessee.

James A.H. Bell, Knoxville, Tennessee, for the appellee, Jeffrey August Tate.

Jeffrey Z. Daniel and Richard L. Gaines, Knoxville, Tennessee, for the appellee, Steven Ogle.

**OPINION**

I.  Background and Procedural History

On May 7, 2018, the Sevier County Grand Jury returned a two-count indictment against Defendant Ogle, charging him with one count of theft of property valued at $60,000 or more but less than $250,000 pursuant to Tennessee Code Annotated section 39-14-103 and one count of new home construction fraud in the same amount pursuant to Code section 39-14-154(b)(1).  On July 6, 2020, the Sevier County Grand Jury indicted Defendant Tate in a separate case on two counts of theft of property valued at $60,000 or more but less than $250,000, two counts of new home construction fraud in the same amount, one count of theft of property valued at $10,000 or more but less than $60,000, and one count of new home construction fraud in the same amount.

Both Defendants subsequently filed motions to dismiss the home construction fraud counts in their respective indictments, arguing that Code section 39-14-154 was unconstitutional on its face.  As applicable to this case, Code section 39-14-154(b)(1) provides:

> It is an offense for a new home construction contractor or home improvement services provider with intent to defraud to:
>
>> (1)(A)   Fail to refund amounts paid under a new home construction contract or a contract for home improvement services within ten (10) days of:
>>
>>> (i)  The acceptance of a written request for a refund either hand delivered or mailed certified mail return receipt attached;
>>>
>>> (ii)  The refusal to accept the certified mail sent to the last known address of the new home contractor or home improvement services provider by the home buyer or residential owner; or
>>>
>>> (iii)  The return of the certified mail to the home buyer or residential owner indicating that the addressee is unknown at the address or a similar designation if the provider failed to provide to the home buyer, residential owner, or the United

States postal service a correct current or forwarding address;

(B)  A violation of subdivision (b)(1)(A) is an offense only if:

(i)  No substantial portion of the new home construction or home improvement services work has been performed at the time of the request;[1]

(ii)  More than ninety (90) days have elapsed since the starting date of the new home construction contract or contract for home improvement services; and

(iii)  A copy of the written request for a refund was sent by the home buyer or residential owner to the consumer protection division of the office of the attorney general[.]

Tenn. Code Ann. § 39-14-154(b)(1)(A)(i)-(iii), (B)(i)-(iii) (2018).

Defendants' constitutional challenges centered on the term "substantial" in subsection (b)(1)(B)(i).  Defendant Ogle argued that Code section 39-14-154 was "unconstitutional as void for vagueness" due to the statute's lack of guidance regarding the term "substantial."  He maintained that the statute did not define "substantial," that the term "substantial" could be defined in multiple ways, and that the trial court would be unable to "craft a jury instruction that could prevent the fostering of speculation on behalf of the jury."  He asserted that as a result of the unconstitutionally vague language, the statute criminalized conduct beyond its intended scope.  According to Defendant Ogle, the statute "was meant to encompass those fly-by-night scammers that get a check and run off, not the kind of dispute at issue concerning [Defendant] Ogle."

Defendant Tate, likewise, alleged that the statute was unconstitutional on its face and incorporated arguments similar to those presented by Defendant Ogle in his motion.  Defendant Tate also argued that the statute was unconstitutional as applied to his case.  He noted that the charges in the indictment involved three separate properties, each of which

---

[1] Prior to July 1, 2018, this provision stated, "No substantial portion of the contracted work has been performed at the time of the request[.]"  Tenn. Code Ann. § 39-14-154(b)(1)(B)(i) (Supp. 2017).  The indictment related to Defendant Tate alleges conduct that occurred both prior to and after this amendment.

had separate start dates, designs, pricing, and schedules. He argued that absent a "clear and universal" definition of "substantial" or "substantial portion of the work," the statute did not provide notice of the standard that the State must meet in establishing that he failed to complete a "substantial portion of the work." Defendant Tate maintained that this lack of notice violated his due process right to present a defense. He further maintained that the lack of a definition of "substantial" or "substantial portion of the work" was "even more consequential under the circumstances of this case because the definition may well be different for each of the three properties." According to Defendant Tate, the "inherent uncertainty" rendered the statute unconstitutionally vague as applied.

The State, through the District Attorney General,[2] filed a written response to Defendant Ogle's motion, but the appellate record does not include a written response to Defendant Tate's motion. The State responded that because the construction fraud case did not involve free speech or other constitutionally protected rights, Defendant Ogle was required to show that the statute is unconstitutional "in all its applications." The State argued that Defendant Ogle was required to establish that the statute was unconstitutional as applied to him but that he failed to "attempt to link his vagueness claim to his own conduct" and "cannot do so until some proof is heard in this case." The State also argued that the statute was not vague on its face because the term "substantial" was a "common word capable of being easily understood."

On July 25, 2022, the trial court held a joint hearing addressing both Defendants' motions. No proof was introduced at the hearing. Defendant Ogle's arguments regarding the purported facial vagueness of the statute largely mirrored those in his motion, and Defendant Tate adopted Defendant Ogle's arguments. Defendant Tate did not offer oral argument regarding his as-applied claim. The State, accordingly, limited its response to Defendant Ogle's facial vagueness challenge, and the State's response also mirrored its arguments in its written response. At the conclusion of the hearing, the trial court took the matter under advisement.

On August 7, 2023, the trial court held a hearing at which the court announced its ruling that the statute was unconstitutionally vague on its face. On November 9, 2023, the trial court entered a written order memorializing its ruling. The trial court found that the statute was unconstitutionally vague on its face because the statute: (1) "fails to provide any meaningful notice to a potential defendant of what would constitute criminal behavior as opposed to a civil matter," (2) "inadequately defines 'substantial compliance,'" and (3) does not "provide[] any meaningful guidance or definitions as to its meaning."

---

[2] Defendant Tate filed a written "Notice of Service on Attorney General," although the notice claimed it was being filed pursuant to Tennessee Rule of Civil Procedure 24.02. Defendant Ogle filed a similar notice but did not do so until after the hearing on Defendants' motions. No representative from the Attorney General's Office appeared at the hearing at which Defendants' motions were argued.

The State filed a notice of appeal in each case pursuant to Tennessee Rule of Appellate Procedure 3(c). Both notices of appeal stated that the State was appealing the trial court's order entered on November 9, 2023, "the substantive effect of which dismissed the defendant's charges under Tenn. Code Ann. § 39-14-154." This court subsequently granted the State's motion to consolidate the appeals.

## II. Analysis

On appeal, the State contends that the trial court erred in addressing Defendants' facial vagueness challenge without first addressing an as-applied challenge to the statute. The State argues that Defendant Ogle is precluded from raising an as-applied challenge on appeal due to his failure to raise the issue in the trial court and that the record does not include any evidence supporting Defendant Tate's as-applied challenge. In the alternative, the State asserts that the statute is not void for vagueness because "a person of common intelligence [can] reasonably understand what it proscribes: fraudulent or bad-faith failures to refund construction contract payment[s] after not performing a substantial or considerable portion of the contracted work within 90 days."

Defendants filed a joint brief, asserting that the trial court properly concluded that the statute was void for vagueness on its face. They contend that the trial court was not required to address any as-applied challenge before addressing their facial challenges to the statute and that even if such a requirement exists, there is sufficient evidence in the record to determine whether the statute is constitutional as applied to Defendants.

Although not raised by the parties, we first must determine whether we have jurisdiction to adjudicate this appeal. *See* Tenn. R. App. P. 13(b). "Under the common law, as understood and applied in the United States, neither a state nor the United States had a right to appeal in a criminal prosecution, unless the right is expressly conferred by a constitutional provision or by statute." *State v. Meeks*, 262 S.W.3d 710, 718 (Tenn. 2008) (citing *Arizonia v. Manypenny*, 451 U.S. 232, 246 (1981); *United State v. Sanges*, 144 U.S. 310, 312 (1892); *State v. Reynolds*, 5 Tenn. 110, 110 (1817)). "When a statute affords a state or the United States the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute." *Meeks*, 262 S.W.3d at 718 (citing *Carroll v. United States*, 354 U.S. 394, 400 (1957); *State v. Adler*, 92 S.W.3d 397, 400 (Tenn. 2002), *superseded by statute on other grounds as recognized in State v. Rowland*, 520 S.W.3d 542 (Tenn. 2017)).

The State cites to Tennessee Rule of Appellate Procedure 3(c) in its notices of appeal and appellate brief as the basis for its appeal. Rule 3(c) provides:

In criminal actions an appeal as of right by the [S]tate lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The [S]tate may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding; from the modification of a sentence pursuant to Rule 35(d), Tennessee Rules of Criminal Procedure; from an order or judgment pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure; and from a final order on a request for expunction.

The State specifically relies on Rule 3(c)(1), contending in its brief that "the trial court's order had 'the substantial effect' of dismissing the contractor fraud counts."

Under Rule 3(c)(1), the State has an appeal as of right only when "the substantive effect" of the order "results in dismissing an indictment, information, or complaint." Although the trial court concluded that Code section 39-14-154 was unconstitutional, the appellate record does not include any order dismissing the new home construction fraud counts in each Defendant's respective indictment or judgments otherwise reflecting the dismissal of the new home construction fraud counts. Furthermore, the trial court's order finding Code section 39-14-154 unconstitutional did not impact the theft counts in each Defendant's respective indictment.

Our supreme court has recognized that the State does not have an appeal as of right pursuant to Rule 3(c)(1) of a trial court's pretrial dismissal of one count in a multiple count indictment when the substantive effect of the order did not result in the dismissal of the entire indictment. *State v. Vickers*, 970 S.W.2d 444, 448 n.4 (Tenn. 1998) (concluding that the pretrial dismissal of one count in a two-count indictment did not have the substantive effect of dismissing the entire indictment for purposes of Rule 3(c)(1) until the defendant was acquitted of the remaining count);[3] *see also State v. Alsup*, No. M2017-01669-CCA-R3-CD, 2018 WL 3116640, at \*7 (Tenn. Crim. App. June 28, 2018) (concluding that the State did not have an appeal as of right pursuant to Rule 3(c)(1) of a trial court's order

---

[3] We acknowledge that this court previously concluded that the State had an appeal as of right pursuant to Rule 3(c)(1) from an order that did not result in the dismissal of the entire indictment. *See State v. Welch*, 586 S.W.3d 399, 402 (Tenn. Crim. App. 2019). As an intermediate appellate court, however, we are bound by the holdings of the Tennessee Supreme Court. Since *Welch*, this court has concluded that the State did not have an appeal as of right under Rule 3(c)(1) where there remained "viable charges" from the indictment following the trial court's granting of a motion to suppress evidence. *State v. Major*, No. M202-01142-CCA-R3-CD, 2021 WL 4347273, at \*4 (Tenn. Crim. App. Sep. 24, 2021).

- 6 -

suppressing the results of a blood test because even if the order could be interpreted as dismissing the DUI per se counts in the original and superseding indictments, "both indictments had charges that remained following the dismissal of the DUI per se charges"). Rather, the State may seek permission to file an interlocutory appeal pursuant to Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure when the trial court dismisses less than all counts in a multiple count indictment prior to trial. *Vickers*, 970 S.W.2d at 448 n.4.

In sum, even if the trial court's order could be interpreted as dismissing the new home construction fraud counts in each indictment, the theft counts in each Defendant's indictment remain pending. Because the substantive effect of the trial court's order did not result in the dismissal of Defendants' indictments, the State does not have an appeal as of right from the trial court's order pursuant to Rule 3(c)(1). As a result, this court is without jurisdiction to hear the appeals, and we dismiss them accordingly.

III. Conclusion

Upon consideration of the foregoing and the record as a whole, we dismiss the appeals.

_____
MATTHEW J. WILSON, JUDGE