# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 15, 2000 Session

## STATE OF TENNESSEE v. JASON R. NORTON

**Appeal as of Right from the Circuit Court for Robertson County**
**No. 99-0195     John H. Gasaway, III, Judge**

---

### No. M2000-00074-CCA-R3-CD - Filed April 16, 2001

---

In April of 1999, the Robertson County grand jury indicted the defendant for hindering a secured creditor and for failure to appear in court on charges related to a third offense. Thereafter, the trial court appointed the defendant counsel, and this attorney filed a motion to dismiss[1] the charges of hindering a secured creditor. Through this motion the defendant essentially averred that the facts would not support a conviction for the offense. Following an evidentiary hearing, the trial court ruled in the defendant's favor, and the State subsequently brought this appeal asserting that the trial court improperly invaded the province of the jury by ruling on the sufficiency of the evidence. After analyzing relevant caselaw and the record, we find that the State's position has merit and, therefore, reverse the trial court's ruling.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Remanded.

JERRY SMITH, J., delivered the opinion of the court, in which JOE G. RILEY, J., and L. T. LAFFERTY, SR. J., joined.

Paul G. Summers, Attorney General & Reporter; Marvin E. Clements, Jr., Assistant Attorney General; John Carney, District Attorney General; Dent Morriss, Assistant District Attorney; for appellant, State of Tennessee.

Michael R. Jones, Assistant Public Defender, Springfield, Tennessee, for appellee, Jason R. Norton

---

[1] Counsel actually styled this document "MOTION TO DISMISS AND FOR ADDITIONAL DISCOVERY;" however, only the motion to dismiss portion is relevant to this appeal.

## OPINION

### Factual Background

During the spring of 1999, the defendant stood charged in a two count indictment with hindering a secured creditor and failing to appear in court.[2] More specifically with respect to the charge of hindering a secured creditor charge, the State alleged:

> That during the month of September, 1998, and in the State and County aforesaid, JASON R. NORTON unlawfully and knowingly did, while claiming an ownership interest in property, to wit: 1990 Deville Cadillac, valued at $7995.99, which said property was the subject to a security interest, to wit: a lien payable to B & F. [sic] Motors, with intent to hinder enforcement of said interest, did wreck the aforementioned automobile and purchased a new car with the insurance proceeds instead of paying off the note on the aforementioned automobile, in violation of TCA 39-14-116 and against the peace and dignity of the State of Tennessee.

After obtaining appointed counsel, the defendant filed a motion to dismiss the hindering a secured creditor count. Through this motion he listed certain alleged facts surrounding the offense. These included:

> A. The defendant purchased a vehicle which became secuirty [sic] for a note executed by the defendant at the time of the purchase.
>
> B. The defendant made payments on the note.
>
> C. The defendant had a wreck which was not his fault.
>
> D. The at fault driver's insurance company issued a check payable only to the defendant for the damages to the car.
>
> E. The defendant cashed this check and applied the proceeds on the purchase of a different car.
>
> F. The wrecked car was driveable and was subsequently repossessed by the secured party, repaired and sold.

He then framed what he considers the central question to be answered in deciding this matter as: "Is cashing of the insurance check without repairing the vehicle hindering a secured creditor?"

In response to this motion, the trial court held an evidentiary hearing. Therein the prosecution called Frank Hanner, the alleged victim and owner of B and E Motors. Though providing a few

---

[2] This latter charge is unrelated to any matters in the appeal presently before this court.

additional details, Mr. Hanner's account comported in most respects with the facts asserted in the defendant's motion to dismiss. Neither the State nor the defense called any other witnesses[3], and after hearing argument, the trial court concluded that the hindering a secured creditor charge would be dismissed. As support for this decision, the trial court explained:

> These facts just don't support the gravamen of this crime, which is to intentionally do one of these acts for the express purpose of defeating the secured party. It is a good effort by the State to make all this fit, but it just doesn't in the Court's view.[4]

From this decision the State appeals claiming that the trial court erred in dismissing count one of the indictment.

## Motion to Dismiss

Through his petition the defendant clearly contends "that this is a civil matter and not a criminal matter;" however, his supporting rationale for this conclusion is not as plainly asserted. In attempting to discern the defendant's basis for seeking a dismissal, we find that his motion suggests two potential theories. Under one interpretation the defendant avers that the facts involved in this particular event will not sustain a conviction. Read in a different manner, the motion essentially avers that the indictment fails to state a claim.

Turning first to the contention that the facts alleged in the motion would not support a conviction, we note that a "[d]efendant cannot, by moving to dismiss the indictment, force the trial court to conduct a 'mini-trial' in which the State must present its proof on the merits of the charge . . . or be cut short in its attempt to prosecute." State v. Drew V. Saunders, No. 01C01-9712-CR-00584, 1999 WL 233537 at *4 (Tenn. Crim. App. at Nashville, April 22, 1999.) See also, Tenn. R. Crim. P. 12 (b); State v. Burrow, 769 S.W.2d 510, 513 (Tenn. Crim. App. 1989). Having said this, we do recognize that situations occasionally arise in a criminal prosecution wherein an evidentiary hearing is appropriate. For example, in State v. Vickers, 970 S.W.2d 444, 448 (Tenn. 1998), the Tennessee Supreme Court noted the propriety in some instances of pre-trial evidentiary hearings concerning violations of the statute of limitation. However, the Court added that these hearings should take place "only when a determination can be made without involving the general issue of guilt or innocence." Id. In the case currently before this Court, the additional facts asserted in the motion (and at the evidentiary hearing) could only rationally bear upon the issue of guilt or innocence; therefore, they were improper for consideration on the motion to dismiss.

We, therefore, proceed to consider the facial validity of the hindering a secured creditor charge against the defendant. It is well established in this state that:

---

[3] The prosecution did, however, include as exhibits to the hearing the sales contract for, the title to, and the repair estimate concerning the car.

[4] In addition, the trial court indicated that this situation presented issues for resolution in a civil not criminal court.

an indictment is sufficient to satisfy the constitutional guarantees of notice to the accused if the indictment contains allegations that: (1) enable the accused to know the accusation to which answer is required, (2) furnish the trial court an adequate basis for entry of a proper judgment, and (3) protect the accused from a subsequent prosecution for the same offense.

30 S.W.3d 294, 299 (Tenn. 2000)

The defendant's motion asserts that the allegations in the indictment do not make out the offense of hindering a secured creditor. In evaluating this argument it is useful to compare the language of Tennessee Code Annotated § 39-14-116 with the allegations contained in the challenged count of the defendant's indictment. According to the aforementioned statute,

A person who claims ownership of or interest in any property which is the subject of a security interest, security agreement, deed of trust, mortgage, attachment, judgment or other statutory or equitable lien commits an offense who, with intent to hinder enforcement of that interest or lien, destroys, removes, conceals, encumbers, transfers, or otherwise harms or reduces the value of the property.

Tenn. Code Ann. § 39-14-116 (a).

Upon examining the allegations in the hindering a secured creditor count, we find each of the required elements is alleged. This count alleges that (1) the defendant claimed an ownership interest in a particular 1990 Cadillac; (2) this vehicle was subject to a security interest, that being a lien payable to B. & E. Motors; and (3) intending to hinder the enforcement of this security interest, the defendant did harm or reduce the value of the property by wrecking the automobile.[5] Because the indictment validly states the offense of hindering a secured creditor and the defendant claims no other legitimate basis for presently dismissing this charge, we find in favor of the State.

### Conclusion

For the foregoing reasons, we determine that the issue raised merits relief. Accordingly, the judgment of the trial court is REVERSED and the case is remanded for further proceedings consistent with this opinion.

_____
JERRY SMITH, JUDGE

---

[5] While the motion and evidentiary hearing provided additional information regarding the defendant's alleged lack of intent to wreck the vehicle, such was not proper for consideration at that time as above-explained. Should the State again seek to pursue the charge against this defendant, the defendant, of course, may choose to move for a judgment of acquittal at the close of the State's proof or challenge the sufficiency of the evidence if convicted.