# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 18, 2007

## STATE OF TENNESSEE v. TRACEY C. CLARK

### Appeal from the Criminal Court for Williamson County
### No. 94-031   Timothy L. Easter, Judge

---

### No. M2007-00496-CCA-R3-CD - Filed April 10, 2008

---

Appellee, Tracy C. Clark, was indicted by the Williamson County Grand Jury for possession of a weapon on school grounds. Appellee filed a motion to dismiss the indictment based on a claim of self-defense, averring that the facts would not support a conviction for the offense. The trial court dismissed the indictment after conducting a pre-trial evidentiary hearing and determining that Appellee could not be convicted because he acted in self-defense. The State filed an untimely notice of appeal. This Court, in the interest of justice, accepted the late-filed notice of appeal. Because we determine that the trial court improperly conducted a pre-trial evidentiary hearing on the motion to dismiss which essentially involved resolution of the question of Appellee's guilt or innocence, we reverse the trial court's ruling and remand the case for reinstatement of the indictment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, joins and THOMAS T. WOODALL, JJ., separate concurring opinion.

Robert E. Cooper, Jr., Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General; Ron Davis, District Attorney General; and Chris Vernon, Assistant District Attorney, for the appellant, State of Tennessee.

F. Shayne Brasfield, Franklin, Tennessee, for the appellee, Tracy Clark.

**OPINION**

Factual Background

Appellee was arrested on January 30, 2006, for carrying a weapon onto school grounds. On May 8, 2006, the Williamson County Grand Jury indicted Appellee with one count of possessing a weapon on school grounds in violation of Tennessee Code Annotated section 39-17-1309(b)(1).

Appellee subsequently filed a motion to dismiss the indictment. In the motion, Appellee argued that his actions were lawful and that prosecution was prohibited under Tennessee Code Annotated section 39-17-1322 because he "possessed, displayed or employed a handgun [on school grounds] in justifiable self-defense or in defense of another during the commission of a crime in which that person or the person defended was a victim." Further, Appellee argued that the arrest warrant was based upon the sworn testimony of Corporal Pat Stockdale, who stated that Appellee "admitted that he retrieved a firearm from his vehicle in self-defense and to use as a 'scare tactic.'" Moreover, Appellee noted that Officer Stockdale stated that he would have charged both men with the commission of the crime "even if he had been able to determine whether or not one person was acting in self-defense."

The trial court held a hearing on the motion to dismiss on December 18, 2006. During that hearing, Appellee testified that he attended his ten-year-old son's basketball game at Westwood Elementary School on January 30, 2006. He drove his truck to the school and parked in the school parking lot. His handgun was concealed within the truck's console. Appellee had a valid handgun carry permit.

At some point during the game, Appellee became involved in a conflict with another parent, Mr. Spann.[1] After the game was over, Mr. Spann, his wife, and son followed Appellee and his son to the parking lot and their truck. Appellee put his son into the vehicle. As he was walking around to get into the driver's seat, Mr. Spann made a "crude" comment about Appellee's son. Appellee asked Mr. Spann to "go and leave me and my son alone." Mrs. Spann got in between the two men. According to Appellee, Mr. Spann "brandished a knife" and looked as if he was going to "throw the knife." Appellee "retrieved the handgun [from the console], still in its holster, and placed it on [his] seat." Appellee retrieved the handgun to "scare" Mr. Spann and as "a deterrent." The weapon was not loaded, but there was a magazine attached by velcro to a sleeve on the top of the holster that contained the handgun. Appellee told Mr. Spann that he had a handgun permit and that he would "protect" himself and his son if Mr. Spann came any closer. Appellee asked Mr. Spann to leave and attempted to call the police. In the meantime, someone inside the school had already called the authorities. Mr. Spann got into his truck and left the scene. Mrs. Spann remained at the scene and apologized to Appellee for the incident. Appellee remained in his vehicle until the police arrived.

---

[1]Mr. and Mrs. Spann's last name is spelled both "Span" and "Spann" in the record. For the sake of consistency, we will refer to them as Mr. and Mrs. Spann.

Appellee testified that he was "very much in fear for [his] son and [himself]" when Mr. Spann pulled out the knife.

Corporal Pat Stockdale was the first officer to arrive at the scene. When he arrived, he spoke with Appellee and Mrs. Spann about the incident. Appellee advised Officer Stockdale that he was "engaged in an altercation at this sporting event" that resulted in a "verbal altercation." Officer Stockdale later spoke with Mr. Spann, who initially claimed that he did not have a knife and did not threaten Appellee. Mr. Spann later recounted his version of the altercation. Mr. Spann was charged with possession of a weapon on school property. According to Officer Stockdale, Mr. Spann later pled guilty to the charge.

The trial judge entered an order on the motion to dismiss on January 24, 2007, in which he ruled as follows:

> The proof before the court was uncontroverted in that there was no testimony from Mr. Spann. Furthermore, the Court found it highly significant in granting this motion that Mr. Spann was not present to testify to anything contradictory to [Appellee's] testimony. Based upon the testimony of [Appellee], the Court found this case to be justifiable self-defense based upon the evidence before the court. [Appellee] was, in fact, a victim of a crime in that he was a victim of an assault. Therefore, the defense set forth in TCA § 39-17-1322, is certainly applicable and apparent. [Appellee] was acting in self-defense, in justifiable self-defense and in justifiable self-defense of his son. Therefore, this is an appropriate motion and the motion to dismiss is granted.

The State filed an untimely notice of appeal on February 26, 2007. This Court found it to be in the interest of justice to waive the timely filing of the notice of appeal.

*Analysis*

On appeal, the State argues that the trial court "erred by conducting a post-indictment, pretrial examination of the State's evidence" during which it determined that the State could not prove that Appellee did not act in self-defense. Appellee argues that the trial court properly granted the motion to dismiss the indictment and that the State should not have been permitted to late-file the notice of appeal.

Initially, we express our disagreement with Appellee's argument that this Court should not have waived the timely filing of the notice of appeal. Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that the notice of appeal document is not jurisdictional in criminal cases and the filing of such document may be waived in the interest of justice. We adhere to our decision to waive

the timely filing of the notice of appeal in the case herein pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure.

Turning now to the issue raised by the State on appeal, we note that Appellee was charged with a violation of Tennessee Code Annotated section 39-17-1309(b)(1) which makes it a crime for any person to:

> [P]ossess or carry, whether openly or concealed, with the intent to go armed, any firearm, explosive, explosive weapon, bowie knife, hawk bill knife, ice pick, dagger, slingshot, leaded cane, switchblade knife, blackjack, knuckles or any other weapon of like kind, not used solely for instructional or school-sanctioned ceremonial purposes, in any public or private school building or bus, on any public or private school campus, grounds, recreation area, athletic field or any other property owned, used or operated by any board of education, school, college or university board of trustees, regents or directors for the administration of any public or private educational institution.

A violation of Tennessee Code Annotated section 39-17-1309(b)(1) is a Class E felony. T.C.A. § 39-17-1309(b)(2). Tennessee Code Annotated section 39-17-1322 provides that, "A person *shall not be charged with or convicted of* a violation under this part if the person possessed, displayed or employed a handgun in justifiable self-defense or in justifiable defense of another during the commission of a crime in which that person or the other person defended was a victim." (emphasis added).[2]

The State asserts on appeal that the trial court improperly made a determination as to whether Appellee acted in self-defense. Appellee argues that the trial court properly dismissed the indictment because he should not have even been "charged" with a violation of the statute where he clearly displayed the weapon in self-defense. These arguments require this Court to look to the construction of the statute. Generally, when construing a statute, every word within the statute is presumed to "'have meaning and purpose and should be given full effect.'" *State v. Odom*, 928 S.W.2d 18, 29-30 (Tenn. 1996) (quoting *Marsh v. Henderson*, 424 S.W.2d 193, 196 (Tenn. 1968)). This Court's primary duty in construing a statute is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995); *see also State v. Davis*, 940 S.W.2d 558, 561 (Tenn. 1997). Legislative intent should be gleaned from the "natural and ordinary meaning of the language used, without a forced or subtle construction that would limit or extend the meaning of the language." *Carter v. State*, 952 S.W.2d 417, 419 (Tenn. 1997). Furthermore, this Court should construe a

---

[2]We have searched in vain for any other statute that prohibits a *charge* when self-defense is alleged as opposed to creating a defense or affirmative defense during the prosecution itself. This statute is analogous to saying innocent people shall not be charged. While this might happen in an ideal world, in this very real world juries or judges acting as triers of fact in a prosecution are entrusted with sorting out the innocent and the guilty.

statute "so that its component parts are consistent and reasonable," and inconsistent parts should be harmonized, where possible. *Odom*, 928 S.W.2d at 30.

In looking at the statute herein, it states that a "person shall not be charged with or convicted of a violation under this part if the person possessed, displayed or employed a handgun in justifiable self-defense." T.C.A. § 39-17-1322. The State argues that this language serves "as a directive to law enforcement and district attorneys that should they determine, based upon their investigation and using their discretion, that a person acted in justifiable self-defense, they shall not seek to indict that individual." We agree. This statute, along with others that grant legislative immunity for actions that ordinarily amount to criminal activity, "evidence the unambiguous legislative intent to pronounce the Tennessee public policy of encouraging citizens to rescue a person reasonably believed to be in imminent danger of death or serious bodily harm, and to protect a citizen who undertakes such heroic action from negative repercussions." *Little v. Eastgate of Jackson, LLC*, No. W2006-01846-COA-R9-CV, 2007 WL 1202431, at *9 (Tenn. Ct. App., at Jackson, Apr. 24, 2007) (pointing out Tennessee Code Annotated section 39-17-1322 as a statute that provides for "defenses to prosecution for an offense against public health, safety, and welfare" during an examination of statutes that encourage and promote conduct which would ordinarily be prohibited). We do not agree with Appellee's assertion that the language of Tennessee Code Annotated section 39-17-1322 operates as a complete bar to indictment and prosecution for actions that are performed in "self-defense." If the legislature had intended actions performed in "self-defense" to operate as an absolute bar to prosecution, then it would have been unnecessary to include the language that prohibits conviction in the statute. In other words, if the statute barred indictment, there would be no reason to address a conviction under Tennessee Code Annotated section 39-17-1322, as there can be no prosecution without a valid indictment. *Dykes v. Compton*, 978 S.W.2d 528, 529-30 (Tenn. 1998).

Having determined that the statute does not prohibit indictment, we now review the trial court's decision to dismiss the indictment herein. The decision whether to dismiss an indictment lies within the discretion of the trial court. *State v. Harris*, 33 S.W.3d 767, 769-70 (Tenn. 2000) (citing *State v. Benn*, 713 S.W.2d 308, 311 (Tenn. 1986)). "Appellate courts 'may not interfere with a ruling made within the discretionary powers of the trial court absent clear abuse.'" *Id.* at 770 (quoting *State v. Street*, 768 S.W.2d 703, 709 (Tenn. Crim. App. 1988)). Therefore, we will not disturb the decision of the trial court absent an abuse of discretion.

Motions to dismiss are governed by Rule 12(b) of the Tennessee Rules of Criminal Procedure, which states, "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." However, "we note that a '[d]efendant cannot, by moving to dismiss the indictment, force the trial court to conduct a 'mini-trial' in which the State must present its proof on the merits of the charge . . . or be cut short in its attempt to prosecute.'" *State v. Norton*, 55 S.W.3d 580, 582 (Tenn. Crim. App. 2001) (quoting *State v. Drew V. Saunders*, No. 01C01-9712-CR-00584, 1999 WL 233537, at *4 (Tenn. Crim. App., at Nashville, Apr. 22, 1999)); *see also* Tenn. R. Crim. P. 12(b).

Having said this, we do recognize that situations occasionally arise in a criminal prosecution wherein a pre-trial evidentiary hearing on a motion to dismiss is appropriate. For example, in *State v. Vickers*, 970 S.W.2d 444 (Tenn. 1998), the Tennessee Supreme Court noted the propriety in some instances of pretrial evidentiary hearings concerning violations of the statute of limitation. However, the Court added that these hearings should take place "only when a determination can be made without involving the general issue of guilt or innocence." *Id.* at 448.

Moreover, in *State v. Goodman*, 90 S.W.3d 557 (Tenn. 2002), the Tennessee Supreme Court determined that a trial court could properly dismiss an indictment where the trial court was capable of making a determination as to the propriety of the indictment without making a determination as to a defendant's guilt. Specifically, in *Goodman*, the court examined a case where the defendant was indicted with, among other things, the especially aggravated kidnapping of his daughter. *Id.* at 559. The defendant made a pretrial motion to dismiss this count of indictment. The trial court granted the motion, based on stipulated facts, and determined that parents were not subject to prosecution under the statute. *Id.* at 560. The State appealed, arguing that the trial court made an improper interpretation of the statute. On appeal, this Court reversed the trial court's decision, determining that the trial court had made an improper determination as to the general issue of the defendant's guilt or innocence. *Id.* The defendant appealed to the supreme court, arguing that the issue raised was a question of law which the trial court properly considered under Rule 12(b) and properly resolved under the statutory definition of unlawful, as set forth in the kidnapping statute. The supreme court determined that the trial court properly dismissed the indictment where "the defendant's pretrial motion presented a question of law which was 'capable of determination without the trial of the general issue [ ]'" because "[r]esolution of the defendant's motion required the trial court to interpret a statute and apply the statute to undisputed facts" rather than make a determination as to the defendant's guilt or innocence. *Id.* at 561 (quoting Tenn. R. Crim. P. 12(b)). In *Goodman*, the court determined that "[t]he stipulated facts did not describe and were not intertwined with the factual evidence of the defendant's conduct at the time of the alleged offense. They were relevant only to the legal question presented by the defendant's motion, not to the general issue of guilt or innocence." *Id.* After reviewing the matter, the court ultimately concluded that the trial court correctly held that the defendant, as the minor child's father, was not subject to prosecution for especially aggravated kidnapping under Tennessee Code Annotated section 39-13-305(a)(2) in the absence of an allegation that the minor child was removed or confined by force, threat, or fraud. *Id.* at 565.

In *State v. Burrow*, 769 S.W.2d 510 (Tenn. Crim. App. 1989), however, this Court reversed a trial court's decision and remanded the case for trial because we determined that summary judgment does not exist in criminal law and the trial court's actions amounted to a grant of summary judgment for the defendants. 769 S.W.2d at 514. In *Burrow*, the defendants were charged with various crimes involving sales of securities. *Id.* at 511. In a pretrial hearing, the trial court found that the documents in question were not "securities" under Tennessee law and dismissed four counts of each indictment. On appeal, the State argued that the trial court improperly decided a genuine issue of material fact and that the trial court effectively entered summary judgment for the defendant. Noting that a security being involved in the transactions was an element of each crime, this Court

held that in deciding that the documents were not securities, the trial court improperly took the role of fact-finder and usurped the role of the jury. *Id.* at 513.

Similarly, in *State v. Norton*, 55 S.W.3d 580 (Tenn. Crim. App. 2001), the defendant moved to dismiss his indictment for hindering a secured creditor, and he listed alleged facts in his motion. 55 S.W.3d at 582. In an evidentiary hearing, the trial court heard testimony from the alleged victim and argument from both parties. Based on the evidence presented, the trial court found that the facts did not support the crime and dismissed the indictment. On appeal, this Court held that the trial court improperly dismissed the indictment because it considered facts that "could only rationally bear upon the issue of guilt or innocence . . . ." *Id.* at 582. As in *Burrow*, this Court reversed the trial court's dismissal of the indictment and remanded the case for trial. *Id.* at 583.

We believe the trial court herein erred in dismissing the indictment for possession of a weapon on school grounds. At the hearing on the motion to dismiss the indictment, Appellee testified that he took his weapon out of the console of his truck on school grounds after Mr. Spann "brandished" a knife and looked like he was going to throw it at him or his son. Based on this testimony, the trial court concluded that Appellee acted in self-defense as contemplated in Tennessee Code Annotated section 39-17-1322 and dismissed the indictment. Appellee did not argue, like the defendant in *Goodman*, that his personal status as a parent made an aggravated kidnapping charge against him a legal impossibility and thus constitute a defense to a charge and prosecution. Rather, Appellee argued that his actions in this instance were performed in self-defense. This was a call for the trial court to evaluate and weigh the evidence. Essentially, by dismissing the indictment, the trial court found that the facts of the case would not support a conviction for possession of a weapon on school grounds because Appellee was the victim of an assault and displayed his handgun in self-defense. This amounts, in our view, to a determination of facts that were "intertwined with the factual evidence of the [Appellee's] conduct at the time of the alleged offense." *Goodman*, 90 S.W.3d at 562. The trial court's actions amounted to a grant of summary judgment for Appellee, which does not exist in criminal cases. *See Burrow*, 769 S.W.2d at 514. In our view, the facts asserted in the motion and at the evidentiary hearing could only rationally bear upon the issue of guilt or innocence; therefore, they were improper for consideration on the motion to dismiss. Furthermore, the issue of self-defense is a matter for the jury to decide. *State v. Ivy*, 868 S.W.2d 724, 727 (Tenn. Crim. App. 1993). By concluding that the facts showed that Appellee acted in self-defense, the trial court acted as the trier of fact and usurped the function of the jury. Consequently, the trial court abused its discretion in dismissing the indictment. Therefore, the judgment of the trial court is reversed.

*Conclusion*

Based upon the foregoing and the record as a whole, we reverse the trial court's dismissal of Appellee's indictment for possession of a weapon on school grounds and remand the case for reinstatement of the indictment.

_____
JERRY L. SMITH, JUDGE