IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2001

## RONALD PAUL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Robertson County**
**No. 9310      John H. Gasaway, III, Judge**

---

**No. M2000-1653-CCA-R3-PC - Filed June 29, 2001**

---

The Appellant, Ronald Paul, appeals the dismissal of his *pro se* petition for post-conviction relief by the Robertson County Circuit Court. Paul, a correctional inmate, timely delivered his petition to the proper prison authorities; however, he inadvertently addressed the envelope containing his petition to the wrong city. The petition was returned to Paul, who, on the same day, corrected his mistake and re-delivered to prison authorities for mailing. These events occurred one day after the one year period for filing had expired. On appeal, Paul argues that the trial court erred in finding his post-conviction petition timed-barred. After review, we hold that Paul's petition was deemed "filed" for purposes of Supreme Court Rule 28 when it was first delivered to prison authorities and, as such, was timely.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J. and L. T. LAFFERTY, SP. J., joined.

William F. Kroeger, Springfield, Tennessee, for the Appellant, Ronald Paul.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth T. Ryan, Assistant Attorney General, Dent Morriss, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural History

The Appellant's incarceration stems from his convictions in Robertson County for one count of aggravated rape, three counts of rape and two counts of sexual battery. He received an effective sentence of thirty-two years, which was later affirmed by this court. *See* State v. Ronald Paul, No. 01C01-9511-CC-00358 (Tenn. Crim. App. at Nashville, Sept. 19, 1997). The Appellant's Rule 11

application to the Tennessee Supreme Court was denied on April 20, 1998. On May 26, 2000, the trial court held a hearing and dismissed the Appellant's petition for post-conviction relief based on the Appellant's failure to file within the one-year statute of limitations. *See* Tenn. Code Ann. § 40-30-202. On appeal, the Appellant argues that the trial court erred in finding his *pro se* petition for post-conviction relief to be time-barred. We agree. Therefore, this case is reversed and remanded to the trial court for consideration of the Appellant's post-conviction petition.

## ANALYSIS

Pursuant to Tenn. Code Ann. § 40-30-202, a person in custody "must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of petition shall be barred." Notwithstanding, if petitions are "prepared by or filed on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be deemed timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. Sup. Ct. R. 28, § 2(G); Tenn. R. Crim. P. 49(c).

Because the supreme court denied the Appellant's Rule 11 application on April 20, 1998, the Appellant's deadline for filing his post-conviction petition was April 20, 1999. Tenn. Code Ann. § 40-30-202. On April 14, 1999, the Appellant delivered his *pro se* petition for post-conviction relief to the proper prison authorities at the Wayne County Boot Camp for mailing. The Appellant, however, inadvertently addressed the envelope containing his petition to the Robertson County Court Clerk in "Clarksville," rather than to the correct locale of "Springfield." On April 21, 1999, one day after the expiration of his deadline to file for post-conviction relief, the petition was returned by mail to the Appellant who immediately corrected his mistake and again delivered it to the proper prison authorities for mailing to the correct location. The petition was received and file-stamped by the Robertson County Circuit Court Clerk on April 23, 1999. In May of 2000, the trial court dismissed the Appellant's post-conviction petition, finding the petition to be time-barred by the one-year statute of limitations. *See* Tenn. Code Ann. § 40-30-202. On appeal, the sole determination before us is whether a *pro se* petition delivered to the proper prison authorities within the time period fixed for filing can be considered filed for purposes of Rule 28, § 2(G) of the Tennessee Supreme Court Rules where the mailing address is incorrect at the time of delivery to the prison officials. The Appellant argues that, despite his error, the petition was timely filed on April 14, 1999, when he first delivered it to the proper prison authorities.

In the analogous case of <u>Houston v. Lack</u>, 407 U.S. 266, 270-271, 108 S. Ct. 2379, 2382 (1988), the United States Supreme Court explained the purpose for allowing notices of *pro se* prisoners to be deemed "filed" when delivered to proper prison authorities for mailing:

> The situation of prisoners seeking to appeal is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal...

Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly in the hands of the United States Postal Services (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate their excusable neglect or that the notice was not stamped on the date the court received it. *Pro se* prisoners cannot take any of these precautions, nor, by definition, do they have lawyers who can take these precautions for them. Worse, the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay...Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access - the prison authorities.

"In other words, the jailer is in effect the clerk of the [court]." Houston v. Lack, 407 U.S. 266 at 270. In the present case, the prison officials at the Wayne County Boot Camp served as the "clerk of the court." Although the Appellant mistakenly addressed the envelope containing his *pro se* petition to the wrong city, it is clear that his intention was to timely file the petition with the Robertson County Circuit Court Clerk. He accomplished this by delivering the petition to the prison authorities on April 14, 1999. Tenn. Sup. Ct. R. 28, § 2(G); Tenn. R. Crim. P. 49(c). We find no case law or other authority to support a different conclusion. As a *pro se* prisoner, the Appellant had no control over the situation, lacked freedom to pursue other means, and had no mechanism by which to confirm that the Robertson County Circuit Court Clerk received his petition. With such a restraint, we cannot say that the Appellant's error precludes him from seeking relief under the Act. Accordingly, we find that the petition was timely filed.

## CONCLUSION

Pursuant to the language of Rule 28 § 2(G) of the Supreme Court Rules of Tennessee and the persuasive language found in Houston v. Lack, 407 U.S. 266, 108 S. Ct. 2379 (1988), we conclude that the Appellant's petition for post-conviction relief was timely filed on April 14, 1999. As such, this case is reversed and remanded to the Robertson County Circuit Court for consideration of the post-conviction petition on the merits.

 

 

 

 

_____

DAVID G. HAYES, JUDGE