IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2004

## CARLOS WILLIAMS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27204     Bernie Weinman, Judge**

---

**No. W2003-01175-CCA-R3-PC  - Filed March 4, 2004**

---

The Appellant, Carlos Williams, appeals the summary dismissal of his *pro se* petition for post-conviction relief.  On appeal, Williams acknowledges that the instant petition was not timely filed; however, he alleges that a prior petition was timely delivered to the appropriate prison official for filing but apparently never received by the Shelby County Criminal Court Clerk.  For this reason, we find it necessary to vacate the post-conviction court's ruling and remand for a determination of whether Williams' prior petition was timely filed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Vacated and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Carlos Williams, *Pro Se*, Tiptonville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; William L. Gibbons, District Attorney General; and Emily B. Campbell, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On May 17, 2001, the Appellant pled guilty to especially aggravated robbery and second degree murder and received an effective thirteen-year and six-month sentence  in the Department of Correction.  The Appellant is currently incarcerated at the Northwest Correctional Complex in Lake County.

On appeal, the Appellant alleges the following chronological events: On January 8, 2002, he placed his original petition for post-conviction relief in the mail box of the Northwest Correctional

facility for mailing to the Shelby County Criminal Court Clerk's office as required by Supreme Court Rule 28, Section 2(g). After a prolonged period of waiting to receive a response, the Appellant mailed a letter to the Criminal Court Clerk's office of Shelby County inquiring as to the status of his post-conviction petition. On February 6, 2003, the Appellant received a response from the Criminal Court Clerk's office informing him that the original petition for post-conviction relief had never been received with the added notation that, "[i]f you want, you may re-send it to us." In accordance, the Appellant caused a second petition for post-conviction relief to be mailed to the Criminal Court Clerk's office on March 3, 2003. On March 20, 2003, an order was entered dismissing the Appellant's second petition as being "time-barred."[1] The Appellant's *pro se* notice of appeal was filed on April 25, 2003.[2] The Appellant attaches various documents purporting to verify the above allegations.

## Analysis

The issue presented is governed by the Post-Conviction Procedure Act of 1995, which provides that, with certain exceptions not applicable here, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final. Tenn. Code Ann. § 40-30-102(a) (2003). Additionally, the Act mandates that a petition for post-conviction relief be filed with the clerk of the court in which the conviction occurred. Tenn. Code Ann. § 40-30-104(a) (2003). However, acknowledging the difficulties a *pro se* prisoner might encounter in delivering his petition to the appropriate destination within applicable time limitations, the Tennessee Supreme Court adopted Supreme Court Rule 28, section 2(g), which provides that a post-conviction petition filed by a *pro se* petitioner who is incarcerated is deemed filed when it is received by the appropriate prison authorities for mailing. Tenn. R. Sup. Ct. 28, § 2(g); *see also Lakeith O. Lightfoot v. State*, No. 02C01-9703-CR-00129 (Tenn. Crim. App. at Jackson, Feb. 18, 1998). The Tennessee Rules of Criminal Procedure similarly provide that if a petition for post-conviction relief is:

> prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and [is] not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

---

[1] We are constrained to note that preparation of the record by the Shelby County Criminal Court Clerk's office is incomplete. Only pages 1, 8, 9, and 10 of the Appellant's petition were included in the record.

[2] Initially, we note that the instant petition fails to comply with the procedural requirement for the timely filing of the notice of appeal. *See* Tenn. R. App. P. 4. Nonetheless, Rule 4(a), Tennessee Rules of Appellate Procedure, permits this court to waive this requirement when it is in the interest of justice to do so. For this reason, the notice of appeal requirement is waived to permit review of the issue presented.

Tenn. R. Crim. P. 49(c).  In effect, "the jailer is . . . the clerk of the [court]." *Paul v. State*, 75 S.W.3d 926, 929 (Tenn. Crim. App. 2001) (citing *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382 (1988)).

The record before us raises the factual issue of whether the Appellant did timely file a petition for post-conviction relief on January 8, 2002.  Because this court has appellate jurisdiction only, it is necessary that this factual allegation be resolved at the trial court level.  Accordingly, we remand for a determination of this issue.  If the post-conviction court finds that a petition was timely filed, then proceedings consistent with the Post-Conviction Act should follow.  If the post-conviction court finds that no petition was filed or that no petition was timely filed, then appropriate findings should be entered and this cause should be dismissed.

## CONCLUSION

Based upon the foregoing, we vacate the order of the post-conviction court summarily dismissing the present petition for post-conviction relief and remand this case for further proceedings consistent with this opinion.

_____
DAVID G. HAYES, JUDGE