IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 17, 2004

## BERNIE R. MCGILL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 74853     Richard Baumgartner, Judge**

_____

**No. E2004-00142-CCA-R3-PC - Filed September 23, 2004**

_____

The Appellant, Bernie R. McGill, appeals the dismissal of his petition for post-conviction relief by the Knox County Criminal Court. The post-conviction court concluded that it was without jurisdiction to review McGill's claims because the petition was filed outside the one-year limitation period. After review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the Appellant, Bernie R. McGill.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Helen Walton Yarbrough, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Phillip Morton, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

On April 2, 2001, the Appellant pled guilty to voluntary manslaughter and received a ten-year sentence in the Department of Correction. No direct appeal was taken in the case. The Appellant concedes that the judgment became final on May 2, 2001, thirty days after entry of his guilty plea. The Appellant, proceeding *pro se*, filed the instant petition for post-conviction relief alleging various constitutional claims.[1] The petition was filed with the clerk's office on May 9, 2002. Although

---

[1]We note with interest the Appellant's comments with regard to paragraph eleven of the petition: "11. If more than one (1) year has passed since the date of final action on your direct appeal by the state appellate court, state why

(continued...)

required by Tennessee Code Annotated section 40-30-104 (2003), the petition is neither dated nor sworn to.  At the request of the Appellant, counsel was appointed and the amended ground of ineffective assistance of counsel was alleged.  Following a hearing on the State's motion to dismiss, the post-conviction court dismissed the Appellant's petition finding that it was time-barred.

## ANALYSIS

The sole issue in this case is whether the Appellant filed his petition for post-conviction relief within the one-year statute of limitations period.  The right to file a petition is extinguished upon expiration of the limitations period, thus depriving the post-conviction court of jurisdiction to consider the petition's merits.[2]  Tenn. Code Ann. § 40-30-102(a), (b) (2003).  It is conceded that the judgment of conviction became final on May 2, 2002, and that the petition was stamped filed by the trial court clerk's office on May 9, 2002.  Thus, the dispositive question is the date the Appellant delivered his petition to the prison authorities.  *Pro se* petitions by inmates, although not received by the clerk's office until after the time fixed for filing, nonetheless, "shall be deemed timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing."  Tenn. Sup. Ct. R. 28, § 2(G); Tenn. R. Crim. P. 49(c).  In effect, "the jailer is . . . the clerk of the [court]."  *Paul v. State*, 75 S.W.3d 926, 929 (Tenn. Crim. App. 2001) (citing *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382 (1988)).

At the hearing on the motion to dismiss, the Appellant, although provided the opportunity to do so, presented no proof as to the date he delivered his petition to prison authorities.  As previously noted, the petition is neither dated nor sworn to.  The post-conviction court dismissed the petition concluding that the Appellant failed to establish by clear and convincing evidence that the petition was timely filed.  On appeal, the Appellant contends that this ruling is erroneous because "[i]t is plausible that it could have taken seven (7) days for the *pro se* petition to have found its way from prison authorities to the desk of the Knox County Criminal Court Clerk."  We find this argument unpersuasive.  The question of whether the Appellant mailed his petition prior to the expiration of the statute of limitations is one of fact to be determined by the post-conviction court. *State v. Vickers*, 970 S.W.2d 444-48 (Tenn. 1998).  The facts in this case do not preponderate against the post-conviction court's findings that the Appellant has failed to carry his burden of establishing that the petition was timely filed.

---

[1](...continued)
the one (1) year statute of limitations should not bar your claim.  <u>As of now I have a sentcoced (sic) reduction and would like to change to post conviction filed.</u>"

[2]The Post-Conviction Procedure Act of 1995 provides three exceptions for filing outside the one-year limitations period.  Tenn. Code Ann. § 40-30-102(a) (2003).  None of these exceptions are asserted in this case.

## CONCLUSION

Based upon the foregoing, we affirm the Knox County Criminal Court's dismissal of the Appellant's petition for post-conviction relief.

_____
DAVID G. HAYES, JUDGE