IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 10, 2006

## OSCAR C. WELLS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 01-03299     Arthur T. Bennett, Judge**

---

**No. W2005-01337-CCA-R3-PC  - Filed April 19, 2006**

---

The Appellant, Oscar C. Wells, proceeding *pro se*, appeals the summary dismissal of his petition for post-conviction relief as being time barred.  On appeal, Wells asserts that his petition was timely filed because he delivered the petition to the appropriate prison official within the requisite one-year limitation period as authorized by Supreme Court Rule 28.  The post-conviction court dismissed the petition as time barred because the petition was stamped "filed" by the Shelby County Criminal Court Clerk's office outside the one-year period.  Because these allegations present a factual dispute as to whether Wells' petition was timely filed, we vacate the judgment of the post-conviction court and remand for resolution of this issue.

**Tenn. R. App. P. 3; Judgment of the Post-Conviction Court Vacated; Case Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Oscar C. Wells, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural History

The Appellant was convicted in the Shelby County Criminal Court of one count of first degree murder and one count of especially aggravated robbery and received an effective sentence of life plus ten years.  The Appellant appealed, and this court affirmed the convictions.  *See State v. Oscar C. Wells*, No. W2002-01486-CCA-R3-CD (Tenn. Crim. App. at Jackson, Sept. 16, 2003)*, perm. to appeal denied,* (Tenn. Mar. 1, 2004).  He is currently incarcerated at the Northwest Correctional Complex in Lake County.

Because the Appellant's conviction became final on March 1, 2004, he had one year from that date to file a petition for post-conviction relief. The Appellant alleges that on February 4, 2005, he placed his petition for post-conviction relief in the mailbox of the correctional facility in which he resided for mailing to the Shelby County Criminal Court Clerk's Office as required by Tennessee Supreme Court Rule 28, section 2(G). Paragraph 22 of the Appellant's petition states that it was mailed on "2-4-05," and the petition reflects that it was signed and verified by the Appellant "2-4-05" under penalty of perjury.[1] On May 15, 2005, an order was entered dismissing the petition as being time barred. This order provided that the petition was filed on March 31, 2005, as it was stamped "filed" by the Shelby County Criminal Court Clerk on that date. The Appellant's *pro se* notice of appeal was filed on May 20, 2005.

## Analysis

The Post-Conviction Procedure Act of 1995 provides that, with certain exceptions not applicable here, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-104(a) (2003). However, acknowledging the difficulties a *pro se* prisoner might encounter in delivering a petition to the appropriate destination within the applicable time limitations, the Tennessee Supreme Court adopted Supreme Court Rule 28, section 2(g), which provides that a post-conviction petition filed by a *pro se* petitioner who is incarcerated is deemed filed when it is received by the appropriate prison authorities for mailing. Tenn. R. Sup. Ct. 28, § 2(G); *see also Lakeith O. Lightfoot v. State*, No. 02C01-9703-CR-00129 (Tenn. Crim. App. at Jackson, Feb. 18, 1998). The Tennessee Rules of Criminal Procedure similarly provide that if a petition for post-conviction relief is:

> prepared on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

Tenn. R. Crim. P. 49(c). In effect, "the jailer is . . . the clerk of the [court]." *Paul v. State*, 75 S.W.3d 926, 929 (Tenn. Crim. App. 2001) (citing *Houston v. Lack*, 487 U.S. 270, 108 S. Ct. 2379, 2382 (1998)).

The record before us raises the factual issue of whether the Appellant timely filed a petition for post-conviction relief on February 4, 2005. Because this court has appellate jurisdiction only,

---

[1] We note, however, that the form of the Appellant's post-conviction petition in this case does not conform to the prescribed form as contained in Tenn. R. Sup. Ct. 28, app. A, as no notarization is provided for the Appellant's signature.

it is necessary that this factual allegation be resolved at the trial court level.[2]  The State concedes on appeal the necessity for remand.  Accordingly, we remand for a determination of this issue.  If the post-conviction court finds that the petition was timely filed, proceedings consistent with the Post-Conviction Act should follow.  If the post-conviction court finds that the petition was not timely filed, appropriate findings should be entered and this case dismissed.

## CONCLUSION

Based upon the foregoing, we vacate the order of the post-conviction court summarily dismissing the Appellant's petition for post-conviction relief and remand this case for further proceedings consistent with this opinion.

_____
DAVID G. HAYES, JUDGE

---

[2]To avoid this ongoing problem, it is suggested that the envelope containing an appellant's *pro se* petition from a correctional facility be filed with the *pro se* petition.