IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
ASSIGNED ON BRIEFS JULY 20, 2010

ALVIN SEAGROVES v. STATE OF TENNESSEE and TENNESSEE
BOARD OF PROBATION & PAROLE

Direct Appeal from the Circuit Court for Davidson County
No. 09C2386     Joe P. Binkley, Jr., Judge

No. M2009-01890-COA-R3-CV - Filed August 4, 2010

This appeal involves a prisoner who has filed a petition for writ of certiorari in the wrong court for the second time. The instant petition was filed in the Davidson County Circuit Court, which dismissed the petition upon concluding that it should have been filed in Davidson County Chancery Court. The prisoner appeals, contending that the Circuit Court should have exercised jurisdiction over the petition or transferred it to the proper court. We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Alvin Seagroves, Pikeville, Tennessee, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Kellen A. Baker, Assistant Attorney General, Nashville, Tennessee, for the appellees, State of Tennessee and Tennessee Board of Probation and Parole

# OPINION

## I. Facts & Procedural History

Alvin Seagroves is an inmate in the custody of the Tennessee Department of Correction at a correctional facility located in Pikeville, Tennessee. On July 13, 2009, Mr. Seagroves filed a *pro se* petition for writ of certiorari in the Circuit Court of Davidson County, seeking a review of the Board of Probation and Parole's decision to deny him parole. According to Mr. Seagroves' petition, his parole hearing was on February 28, 2008, and he was denied parole based on the seriousness of his offense. Mr. Seagroves' petition further stated that his appeal of the decision was denied on June 10, 2008. The petition goes on to state:

> Petitioner had filed a timely and proper writ on this matter, on June 25, 2008, into the Circuit Court for Pikeville, Tennessee. However, after setting [sic] on said writ for a year, the Pikeville Court, issued an order June 15, 2009, dismissing said writ, stating, writ must be filed in Davidson County Circuit Court.

Attached to the petition was an order from the Circuit Court of Bledsoe County,[1] signed by the judge on June 15, 2009, dismissing a petition for writ of certiorari filed by Mr. Seagroves based upon a finding that jurisdiction over the matter "lies exclusively in the *Chancery* Court of Davidson County." (emphasis added).

The Davidson County Circuit Court entered an order on August 13, 2009, dismissing Mr. Seagroves' petition based upon a finding that the petition should have been filed in the Davidson County Chancery Court. Mr. Seagroves timely filed a notice of appeal.

## II. Issues Presented

Mr. Seagroves presents the following issues, as we perceive them, for review:

1. Whether the Davidson County Circuit Court erred in concluding that it lacked jurisdiction; and
2. Whether the Davidson County Circuit Court erred in failing to transfer the petition to the proper court.

For the following reasons, we affirm the decision of the circuit court.

---

[1] Pikeville is located in Bledsoe County.

### III. DISCUSSION

"'The sole remedy available when a prisoner alleges that the Board of Paroles has acted improperly is to file a writ of certiorari in the Chancery Court of Davidson County.'" **Settle v. Bell**, No. M2007-02743-COA-R3-CV, 2008 WL 4725599, at *1 (Tenn. Ct. App. E.S. Oct. 28, 2008) (quoting *Ferrell v. State*, No. 01CO1-9610-CR-00454, 1997 WL 578999 at *1 (Tenn. Crim. App. Sept. 19, 1997)). "Exclusive jurisdiction for judicial review of an action of the Board of Probation and Parole lies with the Chancery Court of Davidson County through a writ of certiorari." **Long v. Tenn. Bd. of Probation & Parole**, 143 S.W.3d 787, 793 (Tenn. Crim. App. 2004) (citing *Norton v. Everhart*, 895 S.W.2d 317, 319-20 (Tenn. 1995); *Hopkins v. Tenn. Bd. of Paroles & Probation*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001); *South v. Tenn. Bd. of Paroles*, 946 S.W.2d 310, 311 (Tenn. Ct. App. 1996)). As such, the Davidson County Circuit Court did not err in its conclusion that it lacked jurisdiction to consider Mr. Seagroves' petition.

Mr. Seagroves contends that the trial court should have transferred this action to the Davidson County Chancery Court rather than dismissing it. Tennessee Code Annotated section 16-1-116 provides, in relevant part:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action . . . is filed in a state or county court of record . . . and such court determines that it lacks jurisdiction, the court shall, *if it is in the interest of justice*, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

(emphasis added). Transfer pursuant to this statute is not automatic.[2] **Turner v. State**, 184 S.W.3d 701, 705 (Tenn. Ct. App. 2005) (citing *Elliott v. Akey*, No. E2004- 01478-COA-R3-CV, 2005 WL 975510, at *3 (Tenn. Ct. App. Apr. 27, 2005)). The trial court determines, in

---

[2] Also relevant to this appeal, Tennessee Code Annotated section 16-2-107 provides:

> In judicial districts that have a separate circuit and chancery court or in districts that have more than one (1) division of circuit or chancery court, if a civil cause of action is filed in the improper court or the improper division of court within the judicial district, upon the motion of either party, or upon the court's own motion, the civil cause of action *may* be transferred to the proper court or proper division within such district.

(emphasis added).

its discretion, whether a transfer is warranted. ***Id.*** "We use an abuse of discretion standard in reviewing the trial court's decision not to transfer the action to the proper venue." ***Hayes v. State***, No. M2009-00371-COA-R3-CV, 2009 WL 3246626, at *3 (Tenn. Ct. App. W.S. Oct. 8, 2009) (citing *Jones v. TN Dept. of Corrections*, M2004-01713-COA-R3-CV, 2007 WL 1241341, at *2 (Tenn. Ct. App. 2007)).

We have previously recognized that where an inmate's complaint is untimely filed and subject to dismissal on that ground by any court hearing it, neither the interest of justice nor principles of judicial economy would be served by transfer to another court. *See **Johnson v. Corr. Corp. of Am.***, No. M2004-01301-COA-R3-CV, 2006 WL 236899, at *2 (Tenn. Ct. App. Jan. 31, 2006). A petition for writ of certiorari must be filed within sixty days from the entry of the order of which the petitioner seeks review. Tenn. Code Ann. § 27-9-102. This time limit is "mandatory and jurisdictional." ***Thandiwe v. Traughber***, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). "Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." ***Blair v. Tenn. Bd. of Probation & Parole***, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007). The party filing the petition then loses his or her right to seek judicial review because the petition is time-barred. ***Hickman v. Tenn. Bd. of Paroles***, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001).

As noted above, Mr. Seagroves' appeal of the decision of the Board of Probation and Parole was denied on June 10, 2008. He filed this petition for writ of certiorari in the Davidson County Circuit Court on July 13, 2009. Clearly, the sixty-day period for filing a petition for a writ of certiorari had expired long before the filing of the instant petition. Therefore, the interest of justice would not have been served by transferring the present petition to the Davidson County Chancery Court.[3] Following a transfer, the petition would have been treated as if it was originally filed in Chancery Court on July 13, 2009. *See* Tenn. Code Ann. § 16-1-116 ("Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.") As such, the petition would have been time-barred and subject to dismissal in that court as well.

Mr. Seagroves cites ***Paul v. State***, 75 S.W.3d 926 (Tenn. Crim. App. 2001) on appeal. In ***Paul***, an inmate filing a *pro se* petition for post-conviction relief inadvertently addressed the envelope containing his petition to the wrong city. ***Id.*** at 927. He addressed it to the Robertson County Court Clerk in "Clarksville," rather than to the correct locale of

---

[3] We wish to emphasize that this is an appeal from the Davidson County Circuit Court's decision not to transfer the petition to the appropriate court. We are not at liberty to review the Bledsoe County Circuit Court's failure to transfer the petition.

"Springfield." ***Id.*** at 928. The envelope was returned to him and he corrected the error, but the time for filing had expired by one day. ***Id.*** Supreme Court Rule 28, section 2(G), provides, regarding post-conviction relief, "If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." The Court of Criminal Appeals addressed Mr. Paul's situation as follows:

> On appeal, the sole determination before us is whether a *pro se* petition delivered to the proper prison authorities within the time period fixed for filing can be considered filed for purposes of Rule 28, § 2(G) of the Tennessee Supreme Court Rules where the mailing address is incorrect at the time of delivery to the prison officials. The Appellant argues that, despite his error, the petition was timely filed on April 14, 1999, when he first delivered it to the proper prison authorities.
>
> In the analogous case of *Houston v. Lack*, 487 U.S. 266, 270-271, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), the United States Supreme Court explained the purpose for allowing notices of *pro se* prisoners to be deemed "filed" when delivered to proper prison authorities for mailing:
>
>> The situation of prisoners seeking to appeal is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal ... Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly in the hands of the United States Postal Services (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate their excusable neglect or that the notice was not stamped on the date the court received it. *Pro se* prisoners cannot take any of these

precautions, nor, by definition, do they have lawyers who can take these precautions for them. Worse, the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay ... Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access–the prison authorities.

"In other words, the jailer is in effect the clerk of the [court]." *Houston v. Lack*, 487 U.S. 266 at 270, 108 S.Ct. 2379. In the present case, the prison officials at the Wayne County Boot Camp served as the "clerk of the court." Although the Appellant mistakenly addressed the envelope containing his *pro se* petition to the wrong city, it is clear that his intention was to timely file the petition with the Robertson County Circuit Court Clerk. He accomplished this by delivering the petition to the prison authorities on April 14, 1999. Tenn. Sup. Ct. R. 28, § 2(G); Tenn. R. Crim. P. 49(c). We find no case law or other authority to support a different conclusion. As a *pro se* prisoner, the Appellant had no control over the situation, lacked freedom to pursue other means, and had no mechanism by which to confirm that the Robertson County Circuit Court Clerk received his petition. With such a restraint, we cannot say that the Appellant's error precludes him from seeking relief under the Act. Accordingly, we find that the petition was timely filed.

*Paul*, 75 S.W.3d at 928-29.

Rule 5.06 of the Tennessee Rules of Civil Procedure similarly provides that "[i]f papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Mr. Seagroves argues that the reasoning of *Paul* should apply to his situation, in that he inadvertently addressed his petition to the Davidson County Circuit Court rather than the Davidson County Chancery Court. As stated above, however, even if Mr. Seagroves' present petition had been filed in the proper court on July 13, 2009, it would have been time-barred. Furthermore, in *Paul*, the Court of Criminal Appeals stated:

Although the Appellant mistakenly addressed the envelope containing his *pro se* petition to the wrong city, it is clear that his intention was to timely file the

petition with the Robertson County Circuit Court Clerk. He accomplished this
by delivering the petition to the prison authorities on April 14, 1999.

*Id.* at 929. Thus, the prisoner's petition was addressed to the correct court, but simply misstated its physical location. Here, however, Mr. Seagroves' petition is clearly directed to the Davidson County Circuit Court, and that is where it was ultimately filed. We decline to extend the reasoning of *Paul* to redeem a petition that was directed to and filed in the wrong court altogether.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to the appellant, Alvin Seagroves, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.