IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2010

**TIMMY REAGAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Overton County**
**No. 4594  David A. Patterson, Judge**

**No. M2009-02291-CCA-R3-PC - Filed May 23, 2011**

Petitioner, Timmy Reagan, was convicted of first degree murder and sentenced to life in prison. After an unsuccessful direct appeal, Petitioner filed a petition for post-conviction relief. *See State v. Timmy Reagan*, No. M2002-01472-CCA-R3-CD, 2004 WL 1114588 (Tenn. Crim. App, at Nashville, May 19, 2004). The post-conviction court denied relief. Petitioner appealed. *See Timmy Reagan v. State*, No. M2007-01396-CCA-R3-PC, 2009 WL 230355 (Tenn. Crim. App., at Nashville, Feb. 2, 2009). On appeal, this Court questioned the timeliness of the petition for post-conviction relief and remanded the case to the post-conviction court "for a determination of whether the petition was filed within one year of this court's opinion affirming the petitioner's conviction or whether due process requires the tolling of the one-year statute of limitations in this case." *Id.* at *1. On remand, the post-conviction court first determined that Petitioner's post-conviction petition was untimely. Then, the post-conviction court held that trial counsel failed to withdraw pursuant to Rule 14 of the Rules of the Tennessee Supreme Court and that his failure to withdraw or pursue an appeal was a misrepresentation to Petitioner of his intent to seek permission to appeal. *Id.* Based on this finding, the post-conviction court determined that trial counsel's actions denied Petitioner the opportunity to seek post-conviction relief in a timely manner. The post-conviction court held that the statute of limitations for filing Petitioner's petition should have been tolled. Then the post-conviction court reviewed the post-conviction petition and the transcript from the previous post-conviction hearing as well as the trial record, and agreed with the prior determination of the post-conviction court that Petitioner was not entitled to post-conviction relief. On appeal from the denial of post-conviction relief, we determine: that the post-conviction court properly determined that Petitioner's petition was untimely but improperly determined that due process required the tolling of the statute of limitations for Petitioner's post-conviction petition. Therefore, the post-conviction court improperly addressed the merits of the petition for post-conviction relief. Accordingly, the judgment of the post-conviction court is reversed, and the petition for post-conviction relief is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

John Milton Meadows, III, Livingston, Tennessee, for the appellant, Timmy Reagan.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Bill Gibson, District Attorney General, and Owen Burnett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

The case herein presents an interesting factual background, beginning with Petitioner's conviction for murdering his wife by causing her car to explode with dynamite. *Timmy Reagan*, 2004 WL 114588, at *1. Petitioner filed a direct appeal in which he argued that: (1) the evidence was insufficient; (2) the trial court erred in denying a motion to suppress; (3) the trial court erred by denying a motion for change of venue; (4) the trial court erred by denying a motion for a jury selection expert; (5) the trial court erred by refusing to use a jury questionnaire; (6) the trial court improperly admitted statements of the victim as dying declarations; (7) the trial court allowed improper testimony from the medical examiner and a Tennessee Bureau of Investigation agent; (8) the trial court erred in admitting a weather report into evidence; (9) Tennessee Code Annotated section 39-13-202(a)(3) is unconstitutional; (10) the judgments of Petitioner's convictions for premeditated murder and murder by explosive device should have been merged; and (11) the cumulative errors necessitated a reversal of the convictions. *Id.* This Court affirmed Petitioner's conviction for first degree murder, noting that the trial court incorrectly entered two judgments of conviction "instead of one that notes the merger of the counts." *Id.* The case was remanded for entry of corrected judgments.

The opinion affirming the judgment of the trial court was issued by this Court on May 19, 2004. Petitioner filed an application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure on July 28, 2004. The supreme court dismissed the application on August 30, 2004, finding that the judgment of this Court was filed on May 19,

2004, and that the time for filing an application for permission to appeal had expired on July 18, 2004. *Id.*

Then, in July of 2005, Petitioner filed a pro se petition for post-conviction relief. *Id.* Counsel was appointed and an amended petition was filed. *Id.* Petitioner also filed a petition for writ of error coram nobis, based on his discovery that the medical examiner used by the State during his trial had since been indicted for perjury, falsifying evidence, and unprofessional conduct. *Id.* The petition for post-conviction relief alleged that ineffective assistance of counsel, prosecutorial misconduct, and cumulative errors entitled him to post-conviction relief. The post-conviction court held a hearing on the petition and denied post-conviction relief. *Id.*

On appeal to this Court, we determined that there were "concerns regarding the timeliness of the petition for post-conviction relief" and remanded the case to the post-conviction court to resolve "whether the petition was filed within one year of this [C]ourt's opinion affirming the petitioner's conviction or whether due process requires the tolling of the one-year statute of limitations in this case." *Id.*

On appeal from the denial of post-conviction relief, this Court reasoned:

> Although the original petition for post-conviction relief is not a part of the appellate record, the amended petition indicates an original file date of July 21, 2005, and the order denying post-conviction relief indicates an original file date of July 18, 2005. . . .

> Although neither the parties nor the post-conviction court has questioned the timeliness of the post-conviction petition, we are mindful that the statute of limitations for filing a post-conviction petition is jurisdictional. *See* T.C.A. § 40-30-102(b) (2003) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001) Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

In this case, the petitioner included in his amended petition allegations of fact that ostensibly established the timeliness of the petition. Namely, he stated that his application for permission to appeal to our supreme court was "denied sometime in the month of August 2004." As we have already indicated, however, this is an incorrect statement of fact upon which the State and the post-conviction court apparently relied. The post-conviction statute of limitations did not begin to run from the August 30, 2004 dismissal of the petitioner's untimely application for permission to appeal because "'filing an untimely application for permission to appeal to [the supreme court] does not constitute 'an appeal' as that term is used in Tennessee Code Annotated § 40-30-[1]02(a) and therefore does not delay commencement of the one-year post-conviction statute of limitations.'" *Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001) (*quoting id.*, Holder, J., dissenting). Instead, the time for filing a post-conviction petition in this case began on May 19, 2004, when this court affirmed the petitioner's conviction. *See id.* Thus, the petition for post-conviction relief filed in this case on either July 18 or July 21, 2005, was time-barred.

That being said, however, "strict application of the statute of limitations may not deny a petitioner 'a reasonable opportunity to assert a claim in a meaningful time and manner.'" *Id.* at 468 (quoting *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000)). When "the record indicates that the [petitioner] might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel," due process concerns are implicated. *Id.*

*Timmy Reagan*, 2009 WL 230355, at *1-2.

Citing *Williams*, this Court remanded the matter to the post-conviction court for a determination of:

[W]hether the petition for post-conviction relief was filed within one year of this court's May 19, 2004 opinion affirming his conviction. If the petition was not timely filed, then the post-conviction court shall determine whether counsel misrepresented to the petitioner his intention to pursue an application for permission to appeal to our supreme court and, if so, whether counsel's misrepresentation denied the petitioner the opportunity to timely seek post-conviction relief.

*Timmy Reagan*, 2009 WL 230355, at *3.

-4-

On remand, the post-conviction court held a hearing at which it determined that the original petition for post-conviction relief, filed either on July 18 or 21, 2005, was untimely. At the hearing, both the State and Petitioner stipulated that trial counsel never filed a motion to withdraw pursuant to Rule 14 of the Rules of the Tennessee Supreme Court. The post-conviction court acknowledged that the application for permission to appeal was untimely and that counsel for Petitioner failed to file a motion to withdraw pursuant to Rule 14 of the Rules of the Supreme Court. The post-conviction court commented that "the failure to act by counsel is found to be a misrepresentation to the petitioner of an intention to pursue an application for permission to appeal to the Supreme Court." As such, the post-conviction court held that Petitioner was denied the right to seek timely post-conviction relief and the statute of limitations was tolled. Accordingly, the post-conviction court went on to review the merits of the petition for post-conviction relief, including the transcript of the hearing on the petition, the trial transcript, and the exhibits. The post-conviction court determined after a review that Petitioner was not entitled to post-conviction relief.

Petitioner now appeals the denial of post-conviction relief.[1]

*Proof at the Hearing on Remand*

On September 24, 2009, the post-conviction court held a hearing after remand from this Court. Petitioner was the only witness at this hearing. Petitioner testified that he was represented on direct appeal by trial counsel. At some point after the Court of Criminal Appeals affirmed his conviction, estimated by Petitioner as "a couple or three months," Petitioner contacted the office of trial counsel to get the transcripts of his trial. He spoke with a lady named "Teresa," an employee of trial counsel. She informed Petitioner that he was "on [his] own, that [he] had to take care of things from there on in." Petitioner sought the advice of "jailhouse lawyers" and "filed to the Supreme Court on [his] own for permission or something like that during that time." Petitioner testified that no one informed him on the filing deadline for filing his application for permission to appeal. Further, he never received notice from trial counsel that he was no longer the attorney of record.

Petitioner introduced a letter that he wrote to the Circuit Court Clerk to accompany his petition for post-conviction relief. In the letter, Petitioner stated that he placed it in the hands of correctional authorities on July 16, 2005, in order to comply with Rule 28 of the Tennessee Rules of the Supreme Court. Additionally, Petitioner acknowledged the statute

---

[1] The resolution of this case was somewhat hampered by the flood on May 1-2, 2010, in Nashville, Tennessee, as the transcripts from Petitioner's original trial were housed at a building that received extensive damage in the flood. The technical records from those cases were damaged, creating a significant delay in the release of this opinion.

of limitations for filing his petition. Petitioner testified at the hearing that he was under the impression that his petition for post-conviction relief was timely filed.

During the hearing, the State and Petitioner stipulated that trial counsel failed to comply with Rule 14 of the Rules of the Tennessee Supreme Court. Petitioner also requested that the post-conviction court take judicial notice of the record from the original hearing on the post-conviction petition. The post-conviction court granted this request.

As stated above, the post-conviction court determined on remand that the original petition for post-conviction relief was untimely and that trial counsel's failure to file a motion to withdraw or application for permission to appeal was a "misrepresentation to [Petitioner] of an intention to pursue an application for permission to appeal to the Supreme Court" that denied Petitioner the right to seek timely post-conviction relief. Thus, the court determined that a tolling of the statute of limitations was in order. The post-conviction court went on to review the merits of the petition, and determined that Petitioner was not entitled to post-conviction relief.

*Analysis*

On appeal, the State initially asserts that the post-conviction court erred in determining that due process requires the tolling of the statue of limitations. The State agrees that trial counsel failed to properly withdraw under Rule 14 of the Tennessee Rules of the Supreme Court but argues that Petitioner became aware that trial counsel no longer represented him and had both "knowledge of the one-year statute of limitations, [and] had a reasonable opportunity to file a timely petition for post-conviction relief." Thus, the petition was untimely and due process did not require tolling of the statute of limitations. We agree.

Under the Post-Conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) states:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the

time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

In the present case, the post-conviction court properly determined that the petition was filed more than one year after the date of the final action by the highest court to which an appeal was taken and thus well outside the statute of limitations. This Court's opinion on direct appeal was entered on May 19, 2004, and the petition for post-conviction relief was, according to Petitioner, delivered to prison authorities on July 16, 2005, and stamped filed on July 21, 2005.[2] The post-conviction court also properly held that Petitioner failed to show that one of the exceptions to the one-year deadline listed in the statute was applicable.

However, in addition to the exceptions set out in the statute, the courts in this State have found that due process concerns can toll the statute of limitations in certain factual situations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

This Court suggested the post-conviction court look to *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), to determine whether due process considerations required the tolling of

---

[2] Pro se petitions by inmates, although not received by the clerk's office until after the time fixed for filing, nonetheless, "shall be deemed timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. Sup. Ct. R. 28, § 2(G); Tenn. R. Crim. P. 49(c). In effect, "the jailer is . . . the clerk of the [court]." *Paul v. State*, 75 S.W.3d 926, 929 (Tenn. Crim. App. 2001) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Consequently, whether we utilize July 16, 2005, or July 21, 2005, the petition at issue herein was untimely.

the statute of limitations. *Williams* is the most recent in a line of cases including *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992) and *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), analyzing when due process limitations toll the statute of limitations. In all three of these cases, our supreme court decided that the statute of limitations for post-conviction relief could be tolled in the factual situations presented. In *Burford*, the petitioner's sentence was enhanced by previous convictions that had subsequently been declared invalid, but not invalidated in time for him to meet the statute of limitations for filing his post-conviction petition. *Burford*, 845 S.W.2d at 208. Our supreme court stated that because the petitioner was in a procedural trap, the petitioner's due process rights would be violated by not allowing a tolling of the statute of limitations and the filing of a post-conviction petition. *Burford*, 845 S.W.2d at 208-09.

In *Sands*, our supreme court analyzed *Burford* and set out the basic rule derived from *Burford* and how to go about applying this rule in future cases. The supreme court stated:

> [I]t will be helpful to summarize the basic rule to be derived from *Burford*: that, in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken"-or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run. In applying the *Burford* rule to specific factual situations, courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the convictions process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*Sands*, 903 S.W.2d at 301 (footnote omitted). However, after going through this analysis, the supreme court concluded that the statute of limitations had not been tolled in the *Sands* situation.

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), the supreme court again held that the statute of limitations was tolled by the factual and legal situation of the petitioner. In *Williams*, there was some dispute over whether the petitioner's trial counsel continued to represent him and how much the petitioner actually knew about the progress of his appeals. The supreme court stated that the question was whether the petitioner had been "misled to believe that [his trial] counsel was continuing the appeals process . . . ." *Id.* at 471. The supreme court remanded the case to the trial court for it to determine whether the statute must be tolled due to possible attorney misrepresentation. *Id.* In other words, *Williams* "appears to limit claims of attorney misrepresentation tolling the statute of limitations to times when counsel has made misrepresentations directly related to filing a defendant's appeal." *Crawford v. State*, 151 S.W.3d 179, 184 (Tenn. Crim. App. 2004).

In the case herein, we agree that trial counsel certainly made serious missteps in his representation of Petitioner, namely, that he failed to file a motion to withdraw. However, we determine that due process does not require the tolling of the statute of limitations despite trial counsel's missteps. By Petitioner's own admission, he learned that he was "on his own" in the case "a couple or three months" after this Court affirmed his convictions on direct appeal. Certainly, Petitioner was at least aware of this fact by July 28, 2004, the date on which he filed an untimely pro se application for permission to appeal. Petitioner then would have had ample time, nearly ten months, to file a petition for post-conviction relief by May 19, 2005, one year from the date that this Court issued its opinion on direct appeal. Petitioner makes no assertions that trial counsel made *any* active misrepresentations whatsoever, especially after Petitioner called trial counsel and discovered that he was on his own that would have led Petitioner to believe trial counsel was pursuing his appeal. Thus, Petitioner had the knowledge that his time for filing the petition was running. This Court has held that a petitioner's personal ignorance of post-conviction procedures, "even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute" of limitations. *State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995). Further, we have previously determined that mere lack of knowledge that a claim exists does not toll the statute of limitations. *See, e.g.*, *Joshua Jacobs v. State*, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493 (Tenn. Crim. App., at Nashville, Sept. 15, 2010) *perm. app. denied*, (Tenn. Jan. 20, 2011) (determining that petitioner's lack of knowledge due to attorney abandonment of the case and ignorance of legal requirements did not require tolling of the statute of limitations). Consequently, the post-conviction court improperly determined that the statute of limitations should be tolled based on *Williams*. Accordingly, we reverse the judgment of the post-conviction court and dismiss the petition for post-conviction relief.

*Conclusion*

Based upon our review of the record, we conclude that the petition for post-conviction relief was untimely. Further, we determine that the post-conviction court improperly tolled the statute of limitations based on misrepresentations of trial counsel. Therefore, the judgment of the post-conviction court is reversed and the petition for post-conviction relief is dismissed.

_____
JERRY L. SMITH, JUDGE