IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 1, 2015

**JAMES FITZ v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 0806533, 0806534     W. Mark Ward, Judge**

_____

**No. W2014-02452-CCA-R3-PC  -  Filed September 18, 2015**

_____

Petitioner, James Fitz, pleaded guilty to first degree murder, attempted rape, especially aggravated kidnapping, and theft of property valued over $1,000 but under $10,000. He received an effective sentence of life imprisonment. Subsequently, he filed a petition for post-conviction relief, which he later withdrew. More than four years after his guilty plea, petitioner filed a second petition for post-conviction relief. The trial court summarily dismissed the petition as untimely and alternatively as a failed motion to re-open post-conviction proceedings. Following our review, we conclude that petitioner's notice of appeal was not timely and dismiss his appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

James Fitz, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

I. Facts

On October 2, 2008, petitioner was indicted in case number 08-06533 for murder in the perpetration of an attempted rape, murder in the perpetration of a kidnapping,

premeditated murder, attempted aggravated rape, and especially aggravated kidnapping. On May 19, 2010, petitioner entered a negotiated plea of guilty to murder in the perpetration of attempted rape, attempted rape, and especially aggravated kidnapping. Pursuant to the plea agreement, petitioner also pleaded guilty to theft of property valued over $1,000 but less than $10,000 in case number 08-06534. Petitioner received a life sentence for the murder conviction and concurrent sentences of ten years for attempted rape, fifteen years for especially aggravated kidnapping, and two years for theft of property. The record does not include a factual basis for petitioner's pleas.

On March 17, 2011, petitioner filed his first petition for post-conviction relief. The trial court appointed counsel and set an evidentiary hearing; however, petitioner withdrew his petition on November 21, 2011. Petitioner filed a motion to re-open post-conviction proceedings on October 3, 2012, which he withdrew on November 7, 2012.

Petitioner filed the instant petition for post-conviction relief on October 2, 2014, arguing, *inter alia*, that due process concerns, namely his alleged mental incompetence, should toll the statute of limitations. The trial court treated petitioner's filing as both a petition for post-conviction relief and as a motion to re-open post-conviction proceedings. On October 10, 2014, the trial court summarily dismissed the petition as untimely, stating, "Passing reference to his alleged mental [condition] does not show that he is entitled to tolling[.]" The trial court further determined that if treated as a motion to re-open post-conviction proceedings, the filing "fail[ed] to plead proper matters which would allow the reopening." Petitioner subsequently filed an untimely notice of appeal with the appropriate individual at the correctional facility on November 11, 2014. *See* Tenn. Sup. Ct. R. 28, § 2(G); Tenn. R. Crim. P. 49(c).

II. Analysis

A. Petition for Post-Conviction Relief

Petitioner filed his notice of appeal more than thirty days after the trial court's ruling. "In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a).

> Notwithstanding, if petitions are "prepared by or filed on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be deemed timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing."

*Paul v. State*, 75 S.W.3d 926, 928 (Tenn. 2001). Unlike the procedure involving the motion for new trial, the time for filing the notice of appeal to this court is not jurisdictional. *See* Tenn. R. App. P. 4(c); *see also State v. Dodson,* 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). This court may waive the notice of appeal time requirement in the "interest of justice." Tenn. R. App. P. 4(a). Petitioner has made no attempt to argue that waiver of the time requirement is in the interest of justice in his case; rather, he asserts that his notice of appeal was timely. After reviewing the record in this case, we conclude that the interest of justice does not require waiver of the time requirement. Therefore, we dismiss his appeal.

## B. Motion to Re-Open Post-Conviction Proceedings

If this court were to treat appellant's filing as a motion to re-open post-conviction proceedings, we would still be required to dismiss his appeal. When seeking review of a post-conviction court's denial of a motion to reopen, a petitioner shall file, within thirty days of the lower court's ruling, "an application *in the court of criminal appeals* seeking permission to appeal." Tenn. Code Ann. § 40-30-117(c) (emphasis added); Tenn. Sup. Ct. R. 28, § 10(B). Under the statute, an appeal from the denial of a motion to reopen is a discretionary appeal, not an appeal as of right. *Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997). The application for permission to appeal shall include copies of all documents filed by both parties in the trial court and the order denying the motion. Tenn. Code Ann. § 40-30-117(c); *see* Tenn. Sup. Ct. R. 28, § 10(B). While the Tennessee Supreme Court has held that a pleading entitled "notice of appeal" can be treated as an application for permission to appeal, it "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002).

To obtain review of the post-conviction court's order, a petitioner must comply with the statutory requirement in Tennessee Code Annotated section 40-30-117(c). A petitioner's failure to comply with those requirements deprives this court of jurisdiction to consider the matter. Because petitioner has failed to comply with the statutory requirements by filing a notice of appeal with the clerk of the trial court rather than an application for permission to appeal with the Court of Criminal Appeals, we are without jurisdiction to review this matter as an appeal of a denial of a motion to re-open a petition for post-conviction relief. *See Salvatore Pisano, Jr. v. State*, No. W2011-02535-CCA-R3-PC, 2012 WL 5507328, at *3, (Tenn. Crim. App. Nov. 13, 2012); *Eric Carter v. State*, No. W2008-00957-CCA-R3-PC, 2008 WL 4936719, at *2 (Tenn. Crim. App. Nov. 19, 2008); *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007). *See also Graham*, 90 S.W.3d at 689 (noting that the petitioner filed his document entitled "Notice of Appeal" with the clerk of the Court of Criminal Appeals). Petitioner failed to timely present the issue concerning

his post-conviction proceeding before a court of competent jurisdiction. In addition, the content of the notice of appeal did not meet the other requirements of *Graham*. *Graham*, 90 S.W.3d at 691. Therefore, as an appeal from the trial court's denial of petitioner's motion to re-open post-conviction proceedings, petitioner has not properly presented the matter to this court.

## CONCLUSION

Following our review of the record, the briefs of the parties, and the applicable law, we dismiss petitioner's appeal for failure to follow procedural requirements.

_____
ROGER A. PAGE, JUDGE